Foreign Auto Import, Inc. *vs.* Renault Northeast, Inc. & another.[1]

Middlesex.    February 4, 1975. — April 23, 1975.

Present: Tauro, C.J., Reardon, Quirico, Braucher, & Hennessey, JJ.

*Practice, Civil,* Review of interlocutory action, Appeal. *Equity Pleading and Practice,* Decree, Appeal. *Injunction. Motor Vehicle,* Dealer.

Under applicable law as it existed before July 1, 1974, an interlocutory appeal to the Appeals Court, which was transferred to this court, from an order of the Superior Court denying a temporary injunction was not properly before the Appeals Court or this court and was dismissed where there had been no final disposition of the case in the Superior Court and the judge had not reported the matter for interlocutory appellate review pursuant to G.L. c. 231, § 111, or G.L. c. 214, § 30 [466-468]; it was stated that if the order and appeal had been entered after July, 1974, and the trial judge had not reported the matter for interlocutory appellate review pursuant to G.L. c. 231, § 111, and Mass. R. Civ. P. 64, 365 Mass. 831 (1974), the appellant could have filed a petition for interlocutory appellate review, pursuant to G.L. c. 231, § 118, to be presented to a single justice of the appropriate appellate court who must allow the petition before an interlocutory appeal can be entered for review by the full appellate court [468-470].

General Laws c. 93B, a statute regulating business practices between motor vehicle manufacturers, distributors and dealers, does not apply to franchise contracts made before the enactment of the statute. [471]

Where there was no record of what transpired at a hearing in the Superior Court on the plaintiff's request for a temporary injunction, this court could not say that the judge abused his discretion in refusing to issue the injunction.   [472-473]

---

[1] The other defendant is Renault, Inc.   It is not necessary to make any distinction between the two defendants for the purpose of this opinion.

BILL IN EQUITY filed in the Superior Court on December 13, 1973.

The suit was heard by *Lappin,* J., on prayers for temporary relief.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Richard A. Glaser (Philip R. Tetu* with him) for the plaintiff.

*Jerome M. Leonard* for the defendants.

QUIRICO, J. On December 13, 1973, the plaintiff entered a bill in equity alleging that it held a franchise for the sale of motor vehicles within the meaning of G. L. c. 93B (inserted by St. 1970, c. 814, § 1), entitled "Regulation of Business Practices Between Motor Vehicle Manufacturers, Distributors and Dealers," and that the defendants had committed or were about to commit acts which were or would be in violation of the plaintiff's rights under the statute. The prayers of the bill include requests that the defendants be temporarily enjoined, pending trial and decision of the case on the merits, from committing the alleged unlawful acts or additional acts in furtherance thereof. A judge of the Superior Court heard the parties on the prayers for a temporary injunction on December 21, 1973, and at the conclusion of the hearing he entered an order (a) denying the prayers, (b) ordering completion of the pleadings by January 18, 1974, and (c) adding the case to the advanced section of the trial list.

The plaintiff seasonably appealed to the Appeals Court on January 8, 1974, from the order denying its prayers for a temporary injunction, perfected its record and appeal, and sought appellate review of the order by the Appeals Court. G. L. c. 211A, § 10, inserted by St. 1972, c. 740, § 1. On September 25, 1974, we ordered the case transferred to this court. Except for the steps necessary to perfect the appeal described above and for the giving of notice of a deposition, the only proceedings

in the Superior Court after the denial of the temporary injunction were the filing of a demurrer and answer by the defendants. The demurrer has not been heard.

For reasons stated below, the case was not properly before the full court of the Appeals Court, and for the same reasons it is not now properly before this court.

We start this discussion by noting that the judge's denial of the request for a temporary injunction, the plaintiff's appeal from that denial, the preparation of the record on appeal and its transmission to the Appeals Court all occurred before July 1, 1974, when the new Massachusetts Rules of Appellate Procedure took effect. Mass. R. A. P. 1A, 365 Mass. 845 (1974), entitled "Transitional Rule for Litigation in Progress on July 1, 1974," provides in part in par. 7 that "all appeals claimed before July 1, shall follow pre-July 1 procedure," except as to certain briefs filed thereafter.

We therefore examine this case on the basis of the applicable law as it existed before July 1, 1974. The plaintiff's appeal from the order denying a temporary injunction states that it is taken pursuant to G. L. c. 211, § 4A, and G. L. c. 214, § 26.[2] The latter statute provided: "A party aggrieved by an interlocutory decree of a justice of either [the Supreme Judicial or Superior] court may . . . appeal to the full court; but the appeal shall not . . . transfer to the full court the entire cause or any matter therein except the question whether the interlocutory decree appealed from shall be affirmed, reversed or modified." Although this statute gives a

---

[2] Ordinarily an order such as that appealed from would be followed by an interlocutory decree implementing the order, and the appeal would be from the decree rather than the order. *Nelson Theatre Co.* v. *Nelson,* 216 Mass. 30, 33 (1913). *Graustein* v. *Dolan,* 282 Mass. 579, 583 (1933). However, this procedural point has not been raised and nothing in this decision turns on it. In some cases orders for decrees have been treated as decrees and thus subject to appellate review. See *Check* v. *Kaplan,* 280 Mass. 170, 175 (1932); *Gulesian* v. *Newton Trust Co.* 302 Mass. 369, 371 (1939).

party aggrieved by an interlocutory decree the right to appeal therefrom, it does not follow that such appeal shall be heard forthwith regardless of the status of the case in which the decree was entered.

We have held in numerous cases that an appeal from an interlocutory decree cannot be entered for appellate review by the full court until after the disposition of the case in the Superior Court, unless, of course, the judge entering the interlocutory decree reports the matter to this court under an appropriate statute or rule. See former G. L. c. 214, § 30 (repealed by St. 1973, c. 1114, § 62), and see now Mass. R. Civ. P. 64, 365 Mass. 831 (1974). The judge in this case did not report the matter for interlocutory appellate review. In *Orth* v. *Paramount Pictures, Inc.* 311 Mass. 580, 581 (1942), we said: "Under the present practice appeals from interlocutory decrees cannot be entered here until after final decree in the Superior Court." In *Lowell Bar Assn.* v. *Loeb,* 315 Mass. 176, 187-188 (1943), we said of an appeal from an interlocutory decree granting a preliminary injunction: "Such an appeal lies dormant until brought to this court with an appeal from the final decree, and cannot be brought here by itself." In *Rines* v. *Superior Court,* 330 Mass. 368, 373 (1953), we said that it is a "principle . . . of general application in this Commonwealth, that this court cannot be required to deal with cases in interlocutory stages, except where the trial judge has exercised his discretion to that end by reporting the action taken by him under G. L. (Ter. Ed.) c. 231, § 111, or in equity under G. L. (Ter. Ed.) c. 214, § 30. Those sections are designed to furnish a means for immediate review by this court of interlocutory action where justice requires such review. In the absence of a report by the trial judge the proper course is to proceed in accordance with his orders until the case is ready for final disposition."

Applying these principles to the facts of the present case, the judge not having reported his denial of the

requested temporary injunction to the Appeals Court for interlocutory appellate review, the matter is not properly before us.

Although we have based our conclusion above on the applicable law in effect prior to July 1, 1974, the result would be the same under the law and rules in effect since that date. We note initially in this regard that while our new rules of civil and appellate procedure are based on their preexisting counterparts in the Federal system, *Giacobbe* v. *First Coolidge Corp.*, *ante*, 309, 315 (1975), implementation of those rules did not incorporate into our jurisprudence those parts of Federal procedure which find their source other than in the Federal rules. The Federal practice of permitting interlocutory appeals as of right from orders granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve injunctions, is wholly statutory in origin, being based on 28 U. S. C. § 1292 (a) (1) (1970). 9 Moore's Federal Practice, par. 110.20 (2d ed. 1973). The Commonwealth has no corresponding statute.

Since July 1, 1974, the power of a trial judge to report an interlocutory civil matter for appellate review before proceeding further with a case derives from G. L. c. 231, § 111, as appearing in St. 1973, c. 1114, § 199, and from Mass. R. Civ. P. 64, 365 Mass. 831 (1974). If the interlocutory report is by a judge of the Superior Court, it is made to the Appeals Court. If it is by a single justice of the Supreme Judicial Court, it may be made "to either the appeals court or the full supreme judicial court." Mass. R. Civ. P. 64, *supra*. A single justice of the Appeals Court may make such a report to the full Appeals Court. Appeals Court Rule 2:01, as amended.

Since July 1, 1974, the subject of temporary relief by an appellate court pending appeal from a final judgment and of appellate review of an interlocutory order of a trial court has been governed in part by G. L. c. 231, §§ 117 and 118, as appearing in St. 1973, c. 1114, § 202.

Section 117, as thus amended, provides in part: "After an appeal has been taken from a final judgment of the superior court, the housing court of the city of Boston or . . . of the county of Hampden, the appellate court may, by an order, on terms or otherwise, suspend the execution or operation of the final judgment appealed from, pending the appeal, and may modify or annul any order made for the protection of the rights of the parties, pending the appeal." Section 118, as thus amended, provides: "A party aggrieved by an interlocutory order of a justice of the superior court or the judge of . . . [a housing court] may file a petition in the appropriate appellate court seeking relief from such order. The appellate court may, in its discretion, grant the same relief as an appellate court is authorized to grant pending an appeal under . . . [§ 117]. The filing of a petition hereunder shall not suspend the execution of the order which is the subject of the petition, except as otherwise ordered by the appellate court."

We intend no suggestion that G. L. c. 231, §§ 117 and 118, as amended, are the sole sources of the broad powers of the appellate courts, or of the single justices of the appellate courts; and we make no attempt to state the scope or limits of those powers. We deal here only with the limited subject of the role of a single justice of an appellate court in connection with an attempt by a litigant to obtain full appellate review of an interlocutory order of a judge of the Superior Court or a Housing Court before proceeding further with the case in the trial court. The language of the statute authorizing the filing of a petition in an appellate court for relief from such an interlocutory order does not authorize a litigant to present the interlocutory order to either the Appeals Court or the Supreme Judicial Court for appellate review without prior leave so to do. Rather the statute contemplates that the aggrieved party may file a "petition . . . seeking relief from such order."

If we assume that the word "relief" includes more than a modification, vacation or stay of the interlocutory order, and that it includes full appellate review of the order before proceeding further with the case in the trial court, the aggrieved litigant must file a petition requesting such interlocutory appellate review. This preliminary petition must be filed and presented to a single justice of the appropriate appellate court, i.e., the court in which any ultimate appeal of the completed case would have to be entered pursuant to G. L. c. 211A, § 10, inserted by St. 1972, c. 740, § 1. The petition must be allowed by the single justice before the interlocutory appeal may be entered with the clerk of the full court of either the Appeals Court or of the Supreme Judicial Court. The aggrieved litigant would thus be following substantially the same procedure prescribed by G. L. c. 231, § 117, as appearing in St. 1973, c. 1114, § 202, and by Mass. R. A. P. 6 (a), 365 Mass. 848 (1974), with reference to a stay of judgment or related relief after appeal from a final judgment.[3]

Therefore, in summary, we hold that this interlocutory appeal is not properly before this court and that it must be dismissed.[4] To the same effect, see *Giacobbe* v. *First*

---

[3] In this connection, the last sentence of Mass. R. A. P. 6 (a), to the effect that "[t]he motion [for a stay of judgment or related relief after appeal from a final judgment] shall be filed with the clerk of the Supreme Judicial Court for Suffolk County, and normally will be considered by a single justice," applies equally to the Appeals Court as to all appeals which, under G. L. c. 211A, § 10, are entered or required to be entered in the Appeals Court. As to such appeals, the words "clerk of the Supreme Judicial Court for Suffolk County" must be read with that part of G. L. c. 211A, § 6, inserted by St. 1972, c. 740, § 1, which provides that "[t]he clerk of the supreme judicial court for Suffolk county shall be the clerk of the appeals court."

[4] We note at this point that the plaintiff's brief did not touch on this issue of the propriety of the interlocutory appeal, and that even after the defendants filed their brief which included an argument on this issue the plaintiff filed no reply or supplemental brief on the issue.

*Coolidge Corp., supra,* at 312-313. However, since the plaintiff's procedural error may have been caused in part by confusion regarding the changes in practice occasioned by the transition to the new laws and rules on July 1, 1974, and in view of the fact that the briefs on both sides argue the merits of the appeal, we ought to express our opinion, by way of dictum, on certain aspects of the case. See *Wellesley College* v. *Attorney Gen.* 313 Mass. 722, 731 (1943).

1. General Laws c. 93B was made effective January 1, 1971, by St. 1970, c. 814, § 3. The plaintiff alleges in its bill that it "has been a Renault motor vehicle dealer and franchisee for approximately twenty years." In *Hein-Werner Corp.* v. *Jackson Indus. Inc.* 364 Mass. 523 (1974), we answered three questions which had been certified to us by the United States District Court, District of Massachusetts, pursuant to S.J.C. Rule 3:21, 359 Mass. 790 (1971), entitled "Uniform Certification of Questions of Law." The first question was "Does Massachusetts G. L. ch. 93B apply to a contract which antedates the enactment of 93B?" We answered that it did not. The plaintiff does not allege in his bill that his franchise contract was made after the enactment of G. L. c. 93B.

2. General Laws c. 93B, § 3 (a), declares that "[u]nfair methods of competition and unfair or deceptive acts or practices, as defined in section four," are unlawful. Section 4 (3) declares that it shall be deemed a violation of § 3 (a) "for a manufacturer, a distributor, a wholesaler, a distributor branch or division, a factory branch or division, or a wholesale branch or division, or officer, agent or other representative thereof . . . (1) to grant a competitive franchise in the relevant market area previously granted to another franchisee . . . [subject to a proviso not here material, and except after] notice to the existing dealer or dealers in the area and, unless the parties agree, the matter shall be submitted to final and binding arbitration . . . for a determination of the

relevant market area, the adequacy of the servicing of the area by the existing dealer or dealers and the propriety of the granting of such additional dealership."

The plaintiff alleges that the defendants have granted or will grant competing dealer franchises in the plaintiff's relevant market area without its consent and in violation of the statute. However, the plaintiff does not ask that the defendants be required to arbitrate the dispute as apparently required by the statute. The defendants not only do not ask for arbitration, but argue that the statutory provision for compulsory and binding arbitration of a dispute on the relevant market area violates the Federal anti-trust laws in several respects. We intimate no opinion on the defendant's contention. It is at least questionable whether the plaintiff can insist on the benefit of G. L. c. 93B, §§ 3 (a), 4 (3) (l), and at the same time ask a court to adjudicate a dispute which the statute mandates must be "submitted to final and binding arbitration," and further to insist on a temporary injunction, not in furtherance of any arbitration of the dispute, but in lieu of going to arbitration. The statute does not make arbitration contingent on the request or consent of the parties. See *Glenn Acres, Inc.* v. *Cliffwood Corp.* 353 Mass. 150, 154 (1967).

3. We have no record of what transpired at the hearing on the plaintiff's request for a temporary injunction. If any evidence was presented at that hearing we have no transcript thereof. We may assume that the hearing consisted of statements and arguments by counsel, based in large part on the allegations in the plaintiff's bill. Whether a judge should or should not issue a temporary injunction in such a situation rests in very large part on the exercise of his sound discretion. In *American Circular Loom Co.* v. *Wilson,* 198 Mass. 182, 211 (1908), this court said: "It was also wholly in the discretion of the judge to determine whether it would issue, continue or dissolve . . . [a temporary] injunction, and what terms, if any, it would impose upon either

party . . . as a condition of issuing an injunction." Substantially the same language was repeated in *Martin* v. *Murphy,* 216 Mass. 466, 468 (1914), and in *Weinberg* v. *Goldstein,* 241 Mass. 259, 261 (1922). There is nothing in the record before us to indicate that the judge abused his discretion in denying the request for a temporary injunction. *Bendslev* v. *Commissioner of Pub. Safety,* 328 Mass. 443, 445 (1952).

4. The plaintiff sought a temporary injunction which, if granted, would have prevented the defendants from delivering any motor vehicles or parts to two corporations to which the plaintiff alleged the defendants had given franchises in violation of G. L. c. 93B. Although the two corporations were identified in the bill, they were not made parties. We need not, and do not, now determine whether those two corporations are necessary or indispensable parties to this proceeding, see Mass. R. Civ. P. 19, 365 Mass. 765 (1974); *Provident Tradesmens Bank & Trust Co.* v. *Patterson,* 390 U. S. 102 (1968), but the plaintiff's failure to name the corporations as parties defendant is a fact which the judge could properly consider in denying a temporary injunction.

For the reasons stated in the early part of this opinion, the plaintiff's appeal is hereby dismissed, and the defendants are to have costs of appeal.

*So ordered.*