SHARON CORBETT & others *vs.* MAX KARGMAN & another. March 1, 1976. The plaintiffs, tenants of the defendants (Kargmans), sought relief before a single justice of this court from an order of deposit entered in the Superior Court in connection with actions brought against them by the Kargmans for rent due and for possession. The single justice denied the petition. The petition, brought pursuant to G. L. c. 211, § 4A, sought to have the Superior Court actions transferred so that a single justice could review the legality of the order of deposit. Unless the trial judge has reported a question concerning his interlocutory order, no piecemeal appellate review of such an order may be had, and "[t]he single justice correctly denied the petition as an indirect and premature attempt to obtain appellate review of an unreported interlocutory order . . . ." *Albano* v. *Jordan Marsh Co.*, 367 Mass. 651, 655 (1975). The plaintiffs might have obtained relief from the single justice under G. L. c. 231, § 118, as appearing in St. 1973, c. 1114, § 202, relating in part to relief from interlocutory orders of judges of the Superior Court. However, even under § 118, no interlocutory appeal of (a) the trial judge's interlocutory order or (b) the single justice's discretionary denial of relief from the trial judge's interlocutory order may be presented to the full court unless the single justice has reported his action to the full court or has allowed a petition

requesting interlocutory appellate review. *Rollins Environmental Serv., Inc.* v. *Superior Court,* 368 Mass. 174, 181 (1975). *Foreign Auto Import, Inc.* v. *Renault Northeast, Inc.,* 367 Mass. 464, 470 (1975). The plaintiffs' brief undertakes to challenge the legality of the trial judge's interlocutory order, but, in the absence of authorization from a single justice of this court, the legality of the trial judge's interlocutory order cannot be before us for review. The plaintiffs have not asked the single justice to authorize appellate review of either the interlocutory order or his order of dismissal. Therefore, the plaintiffs have no basis to claim (and do not claim) that the single justice abused his discretion in not authorizing full court review at this time.

*Appeal dismissed.*

*Robert J. Doyle* for the plaintiffs.
*Edward Rabinovitz* for the defendants.