HAROLD NABHAN & others[1] vs. BOARD OF SELECTMEN
OF SALISBURY & others.[2]

Suffolk.  March 20, 1981. — July 17, 1981.

Present: HALE, C.J., PERRETTA, & DREBEN, JJ.

*Practice, Civil*, Interlocutory appeal, Injunction. *Injunction. Municipal
Corporations*, Regulation. *Way*, Public: closing to vehicular traffic.

After a proceeding before a single justice of this court for interlocutory re-
lief under G. L. c. 231, § 118, first par., a party who prevails before
the trial judge but is aggrieved by the order of the single justice may
obtain interlocutory review of the order of the single justice by a panel
of Justices of this court. [266-269]

In a proceeding for preliminary injunctive relief from a regulation of the
selectmen of a town closing a public way to vehicular traffic, the trial
judge was not required to accept the truth of statements in the plain-
tiff's complaint and on an accompanying map which characterized a
parcel of land as a "state highway," notwithstanding the absence of ev-
idence or affidavits to the contrary. [270-272]

In a proceeding for preliminary injunctive relief from a regulation of the
selectmen of a town closing a public way to vehicular traffic, the trial
judge properly concluded that the plaintiffs, owners of realty and busi-
nesses on the way in question who alleged economic losses as a result of
the selectmen's action, had little probability of success on the theory
that their property had been improperly taken by eminent domain
[272-273], and that they could not prevail on their claim that the se-
lectmen's regulation was invalid by reason of having been issued
without a public hearing [273-274].

Owners of realty and businesses on a public way were entitled to prelimi-
nary injunctive relief from a regulation of the selectmen of a town clos-
ing the way to vehicular traffic, where it appeared that the selectmen
had not obtained certification by the Department of Public Works
pursuant to G. L. c. 90, § 18, or complied with the publication re-
quirements of that section, or erected signs conforming to the requisite

[1] Violet Nabhan, Frederick Nabhan, Mabel Amos, Five O'Clock Res-
taurant, Inc., Tony's, Inc., DiFeo Enterprises, Inc., and Diane Joubert.

[2] The town of Salisbury and Joseph Thomas, the highway surveyor of
the town.

standards, and where the possibility of irreparable harm to the plaintiffs favored the granting of such relief.  [274-275]

CIVIL ACTION commenced in the Appeals Court on July 31, 1980.

The case was heard by *Nolan, J.*

*George W. Clark, Jr.*, Town Counsel, for the defendants.
*David Berman* for the plaintiffs.

PERRETTA, J.  The plaintiffs are owners of realty and businesses located on The Driftway, a public way in the town of Salisbury.  The defendants closed that way to vehicular traffic, and the plaintiffs brought an action in the Superior Court alleging that the defendants had acted in violation of G. L. c. 85, § 2E, and c. 90, § 18,[3] and that the closing of the way constituted a taking of their property by eminent domain.  They sought either to enjoin permanently the closing of The Driftway or to obtain an assessment of damages under the provisions of G. L. c. 79.  Their request for preliminary injunctive relief pending trial on their complaint was denied, and they petitioned for relief from that denial under G. L. c. 231, § 118, first par.[4]  A single justice of this court granted their petition and enjoined the defendants from obstructing vehicular access to The Driftway.  The defendants' appeal from that order is before us without

---

[3] These statutes set out the procedure for enacting special regulations which pertain to traffic.

[4] The plaintiffs did not claim an appeal from the trial judge's denial of their application under G. L. c. 231, § 118, second par., which prior to its amendment by St. 1981, c. 84, provided:  "A party aggrieved by an interlocutory order of a justice of the superior court or the judge of the housing court of the county of Hampden granting, continuing, modifying, refusing or dissolving a preliminary injunction, or refusing to dissolve a preliminary injunction may appeal therefrom to the appeals court, or subject to the provisions of section ten of chapter two hundred and eleven, to the supreme judicial court, which shall affirm, modify, vacate, set aside, reverse the order or remand the cause and direct the entry of such appropriate order as may be just under the circumstances.  Pursuant to action taken by the appeals court the cause shall be remanded to the trial court for further proceedings."

certification by the single justice. Compare *Edwin R. Sage Co.* v. *Foley, ante* 20, 22 n.2 (1981). The appeal raises two questions: (1) whether an injunctive order of a single justice granting a petition for relief under c. 231, § 118, first par., is appealable as of right on an interlocutory basis, and, if so, (2) whether the single justice's order in this case was proper. A majority of the panel (see note 5, *infra*) answer the first question in the affirmative and affirm the injunctive orders of the single justice.

1. *Appealability of Injunctive Order Issued by a Single Justice Granting a Petition for Relief.*

It is settled that when a single justice of an appellate court, acting on a petition for relief under § 118, first par., denies relief to "a party aggrieved" by an interlocutory injunctive order of a trial court judge specified in § 118, that aggrieved party has no right to an interlocutory appeal from the single justice's order. However, under the second paragraph of § 118, an appeal does lie from the order of the trial court judge. *Packaging Indus. Group, Inc.* v. *Cheney,* 380 Mass. 609, 613-614 (1980). A different question arises when a single justice allows a petition for relief under § 118, first par., and grants, dissolves, or modifies an injunctive order which was denied or issued by the trial court judge. See, e.g., *Edwin R. Sage Co.* v. *Foley, supra* (holding that a single justice of this court has the authority, on a petition brought under G. L. c. 231, § 118, first par., to grant the requested injunction). In such an instance the question is, as here, whether the party who prevailed before the trial judge but who is now aggrieved by the order of the single justice has a right to full panel interlocutory review of the single justice's order.[5]

---

[5] One member of the panel, Hale, C.J., dissents from the majority's conclusion on this question, which he would answer in the negative by dismissing the appeal. It is his view that interlocutory appeals from injunctive orders have been limited by the Legislature to orders which are made by judges of those departments of the trial court that are specified in G. L. c. 231, § 118, second par., as now appearing in St. 1981, c. 84. (See note 4, *supra*).

In reliance on *Giacobbe* v. *First Coolidge Corp.*, 367 Mass. 309, 312-313 (1975), *Foreign Auto Import, Inc.* v. *Renault Northeast, Inc.*, 367 Mass. 464, 470-471 (1975), and *Rollins Environmental Servs., Inc.* v. *Superior Court*, 368 Mass. 174, 181 (1975), the plaintiffs argue that this issue is also well settled and that the defendants' appeal must be dismissed. We do not view those cases as dispositive of this issue, and we instead look to *Packaging Indus. Group, Inc.* v. *Cheney*, 380 Mass. at 612-614, *Commonwealth* v. *County of Suffolk*, 383 Mass. 286, 287 (1981), and *Edwin R. Sage Co.* v. *Foley, supra* at 24.

In *Packaging Indus. Group, Inc.* v. *Cheney*, 380 Mass. at 611, it was noted that in amending § 118 by St. 1977, c. 405, the Legislature looked to 28 U.S.C. § 1292(a)(1) (1976) as a model and created a limited exception to the long-standing prohibition against interlocutory appeals which had been recognized and followed in the 1975 *Giacobbe, Foreign Auto*, and *Rollins* trilogy. The purpose of the exception allowing for interlocutory appeals from injunctive orders was explained thus: "The exception is a narrow one and is keyed to the 'need to permit litigants to effectually challenge the interlocutory orders of serious, perhaps irreparable consequence.'" *Packaging Indus. Group, Inc.* v. *Cheney*, 380 Mass. at 612, quoting from *Gardner* v. *Westinghouse Bdcst. Co.*, 437 U.S. 478, 480 (1978), and quoting from *Baltimore Contractors, Inc.* v. *Bodinger*, 348 U.S. 176, 181 (1955). In recognizing the importance of preliminary injunctions, the court construed § 118, second par., to provide that appeals thereunder are heard by a panel of this court, or in an appropriate case by the Supreme Judicial Court, rather than by a single justice of either court. "Such a procedure gives full effect to the legislative judgment that orders regarding preliminary injunctions are so important as to justify a mandatory exception to the normal rule that only final judgments may be subject to appeals." *Packaging Indus. Group, Inc.* v. *Cheney*, 380 Mass. at 613.

The plaintiffs would have us ignore this language to carve out an exception to the rule that injunctive orders are subject to interlocutory appeals. The basis of their contention is, essentially, that the injunctive order, "of serious, perhaps irreparable consequence" and by which the defendants became aggrieved parties, was entered by a single justice of this court granting relief on a petition brought under § 118, first par. As such, they contend, it cannot be reviewed on an interlocutory basis. They point to *Packaging Indus. Group, Inc.* v. *Cheney*, 380 Mass. at 614, where it was held that when a party seeks discretionary relief from a single justice of this court pursuant to § 118, first par., "the decision of the single justice cannot itself be appealed on an interlocutory basis" in the absence of a report of the request for relief to the full panel. The plaintiffs' reasoning overlooks the critical fact that in a situation such as the present one, the defendants, the appealing parties, sought nothing from the single justice because they were not aggrieved by the trial judge's order. Therefore, unlike the plaintiffs, the defendants had neither reason nor standing to proceed pursuant to §118, first or second par., or both. This does not mean, however, that the issuance of an injunctive order by a single justice of this court is, in such circumstances, unreviewable.

We think it critical to note that an injunctive order of a single justice is reviewable where a party aggrieved by the order of the trial judge claims an appeal under § 118, second par., and seeks prompt relief from the single justice under Mass.R.A.P. 6(a), as appearing in 378 Mass. 924 (1979). *Packaging Indus. Group, Inc.* v. *Cheney*, 380 Mass. at 614. If the plaintiffs were correct in their reasoning, then whether the defendants could seek review of the single justice's order would turn totally on whether the plaintiffs requested relief under § 118, first par., or rule 6(a). Reasoning similar to that here advanced by the plaintiffs was eschewed by this court in *Edwin R. Sage Co.* v. *Foley, supra* at 24, where we stated: "Considering that orders granting or denying preliminary injunctions are often dispositive of a

case, we do not think that the right to prompt review of those orders should turn on whether a piece of paper (i.e., notice of appeal) has been filed in the trial court." Moreover, it would be anomalous indeed, if the flexibility provided under § 118, first par., were to become the very means of undercutting the statutory purpose of providing "full court review as of right" of the power which a judge necessarily exercises when entering an order injunctive in nature. *Packaging Indus. Group, Inc. v. Cheney,* 380 Mass. at 615.

An aggrieved party's right to seek interlocutory panel review of an injunctive order which may be of irreparable consequence and which may be dispositive of a case should not hinge on the mechanics by which such an order was entered. Accordingly, we conclude that when a party becomes aggrieved by an injunctive order of a single justice of this court acting on a petition brought under § 118, first par., that party may seek review of the order. In such a situation "[w]e treat the appeal like an appeal pursuant to G. L. c. 231, § 118, second par. Cf. Mass.R.A.P. 6(a), as amended, 378 Mass. 924 (1979), and 15(c), 365 Mass. 859 (1974)." *Commonwealth v. County of Suffolk,* 383 Mass. at 287. Treatment of the appeal in this manner is consistent with the legislative intent that interlocutory injunctive orders be subject to review by a panel of judges. See *Edwin R. Sage Co. v. Foley, supra* at 24 ("The statutes and rules regulating appellate procedure and rights 'should be read with the aim of finding consistency rather than conflict' in light of 'the background of cooperation between the judiciary and the Legislature,'" quoting from *Boston Seamen's Friend Soc., Inc. v. Attorney Gen.,* 379 Mass. 414, 416 [1980]). Additionally and equally important, it "provide[s] the flexibility necessary to assure full court review as of right, and expeditious relief when circumstances warrant." *Packaging Indus. Group, Inc. v. Cheney,* 380 Mass. at 615. See Llewellyn, Remarks on the Theory of Appellate Decision and the Rules or Canons About How Statutes Are To Be Construed, 3 Vand. L. Rev. 395, 400-401 (1950).

Nabhan *v.* Board of Selectmen of Salisbury.

2. *The Merits of the Appeal.*

"Appellate review of a trial court order disposing of a pre-liminary injunction application, either by a panel of this court or by a single justice acting on a petition under the first paragraph of G. L. c. 231, § 118, focuses on whether the tri-al court abused its discretion — that is, whether the court ap-plied proper legal standards and whether the record discloses reasonable support for its evaluation of factual questions." [6] *Edwin R. Sage Co.* v. *Foley, supra* at 25, citing *Packaging Indus. Group, Inc.* v. *Cheney,* 380 Mass. at 615-616.

The plaintiffs specified in both their complaint before the trial judge and their petition for relief before the single justice three grounds in support of their application for a preliminary injunction. The first argument made by the plaintiffs is that the defendants were excluding vehicular traffic from a State highway, an action which can be taken only by the Department of Public Works (Department) pur-suant to G. L. c. 85, § 2E, and c. 90, § 18.[7] See also 720 Code Mass. Regs. 3.08 (1978). The plaintiffs' claim depends on whether traffic has been excluded from a small strip of land to the east of The Driftway at the Ocean Avenue intersection and leading directly to the ocean and whether that strip is a State highway. Attached to the plaintiffs' complaint is a map prepared by them or their counsel which designates the strip of land as "state high-

---

[6] Likewise, because panel review of the single justice's order is to deter-mine whether "he erred in supplanting the discretion of the judge of the Superior Court without adequate reason," *Greenberg* v. *Greenberg,* 10 Mass. App. Ct. 827, 828 (1980); *Edwin R. Sage Co.* v. *Foley, supra* at 25, we by necessity consider the order of the trial judge. See *Packaging In-dus. Group, Inc.* v. *Cheney,* 380 Mass. at 615-616.

[7] General Laws c. 85, § 2E, inserted by St. 1970, c. 342, § 1, states: "Notwithstanding the provisions of section eighteen of chapter ninety, the department for purposes of public safety and convenience may from time to time by regulations exclude persons and vehicles from state highways or portions thereof for such periods as it may deem necessary." Chapter 90, § 18, as amended through St. 1975, c. 706, § 119, provides in pertinent part: "[N]o regulation shall be valid which excludes motor vehicles from any state highway . . . except a regulation promulgated pursuant to sec-tion two E of chapter eighty-five."

way."[8]   The plaintiffs alleged in their complaint, and by their map, that the defendants obstructed entry to the strip by placing obstacles across The Driftway at its westerly point of origin and across Ocean Avenue at the northerly side of its intersection with The Driftway, but apparently leaving open the southerly side of this intersection.   They argue that their allegation and map are conclusive and binding on this issue because the defendants failed to present evidence or affidavits refuting their contention.   We reject such an argument.

The record before us does not show that traffic was necessarily excluded from the strip of land in issue by the defendants' closing of The Driftway and the northerly side of the Ocean Avenue intersection.   "We have no record of what transpired at the hearing on the plaintiff's request for a temporary injunction.   If any evidence was presented at that hearing we have no transcript thereof.   We may assume that the hearing consisted of statements and arguments by counsel, based in large part on the allegations in the plaintiffs' bill.   Whether a judge should or should not issue a temporary injunction in such a situation rests in very large part on the exercise of his sound discretion."   *Foreign Auto Imports, Inc.* v. *Renault, Northeast, Inc.*, 367 Mass. at 472. Moreover, whether that strip of land is a State highway depends on whether it has been "laid out and taken charge of by the commonwealth," G. L. c. 81, §§ 4 and 5, the latter as appearing in St. 1937, c. 218, § 1, and the trial judge was not required to accept the plaintiffs' conclusory characterization on a mixed question of fact and law.   See *Medford* v. *Metropolitan District Commn.*, 303 Mass. 537, 538-539 (1939).   Cf. *Bowles* v. *Montgomery Ward & Co.*, 143 F.2d 38, 42 (7th Cir. 1944); *Marshall Durbin Farms, Inc.* v. *National Farmers Organization*, 446 F.2d 353, 357

---

[8] From the map it does not appear probable that the strip is properly designated as a State highway.   The map is not drawn to scale, but it nevertheless indicates that the piece of land in question is very short and leads directly to the ocean.

(5th Cir. 1971). We will not "substitute our judgment for that of the trial court where the records disclose reasoned support for its action." *Edwin R. Sage Co.* v. *Foley, supra* at 26. *Greenberg* v. *Greenberg,* 10 Mass. App. Ct. 827, 828 (1980).

The plaintiffs failed to show that the trial judge abused his discretion in denying them injunctive relief on this ground.[9]

The plaintiffs also contended that the defendants' actions had to be enjoined because they constituted a taking by eminent domain, G. L. c. 79, § 10, which had not been first authorized by town meeting, as required by G. L. c. 40, § 14.[10] In their complaint they alleged that the closing of The Driftway to vehicular traffic results in a loss of customers to their businesses which in turn diminishes their value as well as that of their leasehold and freehold interests. "The essential distinction between an exercise of the State's eminent domain power which is compensable and an exercise of the police power which is not is that in the exercise of eminent domain a property interest is taken from the owner and applied to the public use because such use is beneficial to the public, while in the exercise of the police power an owner's property interest is restricted or infringed upon to prevent its use in a manner detrimental to the public interest." *Davidson* v. *Commonwealth,* 8 Mass. App. Ct. 541, 548 (1979), and authorities cited. While we do not foreclose further consideration of this point at trial, see note 9, *supra,* we are of the view that on the basis of the plaintiffs' allegations that the judge properly concluded that

---

[9] Our determination of this portion of the plaintiffs' appeal is based on the record before us, and it "is not to be taken as foreclosing further consideration of the case on the merits." *Edwin R. Sage Co.* v. *Foley, supra* at 28.

[10] During oral argument before us, the plaintiffs relied upon this claim to represent that due to the need for discovery on this issue, a speedy trial on the merits could not suffice in place of an injunction. See *Packaging Indus. Group, Inc.* v. *Cheney,* 380 Mass. at 617 n.11; *Edwin R. Sage Co.* v. *Foley, supra* at 29 n.7.

there was little probability of success on the theory of an improper taking by eminent domain.

The third basis for injunctive relief advanced by the plaintiffs is that any regulation enacted by the defendants pursuant to c. 90, § 18, should have been preceded by a public hearing, which was not held in the present instance. Their argument is that the defendant selectmen constitute an agency, as that term is defined in G. L. c. 30A, § 1, as amended through St. 1979, c. 795, § 3, which is bound by those procedural mandates set out in § 2 of that chapter. The particular procedural rule in c. 30A, § 2, as appearing in St. 1976, c. 459, § 2, that the plaintiffs rely upon is: "A public hearing is required prior to the adoption, amendment, or repeal of any regulation if: (a) violation of the regulation is punishable by fine or imprisonment." The argument continues that by reason of c. 90, § 20, there exists a penalty for a violation of the regulation in dispute. This is not so.

Section 20 as appearing in St. 1975, c. 494, § 12, provides, as pertinent: "A person convicted of a violation of any provision of *this chapter* [c. 90] the punishment for which is not otherwise provided . . . or of a violation of a special *speed* regulation lawfully made under authority of section eighteen" (emphasis supplied) is punishable up to the limits recited in that section. There is nothing in that language of the statute which brings the regulation in question within its penalty provisions. Moreover, G. L. c. 40, § 22, provided,[11] in applicable part: "Except as otherwise provided in section eighteen of chapter ninety . . . the selectmen *may* make rules and orders for the regulation of carriages and vehicles used [in the town], with penalties for the violation thereof" (emphasis supplied). Other than to rely upon § 20, the plaintiffs make no factual averments in their complaint to show that the defendant selectmen have enacted a regulation which if violated is punishable by fine or imprisonment. It was not an abuse of discretion to deny them

---

[11] See now G. L. c. 40, § 22 as amended through St. 1980, c. 329, § 73A.

injunctive relief under this theory because they could not prevail on their claim that the regulation was invalid by virtue of having been enacted without a prior hearing.

We do think, however, that there was a ground which entitled the plaintiffs to preliminary relief from the trial judge, as matter of law. The record discloses that the defendants closed The Driftway without first securing from the Department certification "in writing that such regulation is consistent with the public interests" and without having published the regulation "in one or more newspapers," as required by G. L. c. 90, § 18, as appearing in St. 1969, c. 76. See also G. L. c. 40, § 22. At the time of the hearings before the trial judge and the single justice, the defendants represented only that they had requested certification from the Department. As matter of law this was not sufficient, and the defendants could not justify their actions on the basis of the regulation until such time as certification and publication had occurred. G. L. c. 90, § 18. Consequently, there was a strong likelihood that in the absence of certification and publication the plaintiffs would be entitled to permanent injunctive relief. Moreover, we think that the balance of irreparable harm cuts in the plaintiffs' favor. They alleged in their complaint that the closing of The Driftway to vehicular traffic had caused them a severe loss of business and financial damage. The defendants, on the other hand, would have suffered little harm from the injunction, as the remedy, securing of certification and publication, was within their control. The trial judge was in error in not granting the plaintiffs injunctive relief until such time as the defendants could show that they had complied with G. L. c. 90, § 18.

In granting the plaintiffs' petition for relief, the single justice enjoined the defendants from blocking vehicular traffic from The Driftway "until a determination of the merits by the Superior Court adverse to the [p]laintiffs . . . or until the further order of this Court." Twelve days after this order was entered the defendants filed a motion to rescind or vacate the order on the ground that they were now

in compliance with the provisions of G. L. c. 90, § 18. They attached to their motion a copy of the regulation, which did not provide for a penalty if violated, and a copy of a traffic regulation permit issued by the Department under the authority of G. L. c. 90, § 18. The following statement is contained on the permit: "The validity of this permit is contingent upon the conformance of the signs, erected or used in connection with this REGULATION, with the standards prescribed by the Department of Public Works." See G. L. c. 90, § 18 ("No such regulation shall be effective until there shall have been erected . . . signs, conforming to standards adopted by the department, setting forth the . . . restrictions established by the regulation, and then only during the time such signs are in place"). The single justice denied the motion, and the defendants appealed from that denial as well as from the earlier order.

Using the standard set out in *Packaging Indus. Group, Inc.* v. *Cheney,* 380 Mass. at 616-618, we see no abuse of discretion in either of the single justice's orders. See also *Edwin R. Sage Co.* v. *Foley, supra* at 25-26. As earlier noted, the plaintiffs were entitled to injunctive relief until such time as the defendants should demonstrate their compliance with c. 90, § 18. While the defendants presented an exhibit which showed that they had obtained the Department's approval of the closing of The Driftway, they have not shown either that they have published the regulation or that they have erected signs in conformity with the requisite standards "upon the ways affected" by the regulation. G. L. c. 90, § 18. The statute provides that the regulation "shall be effective" only upon satisfaction of those two conditions, and in the absence of an effective regulation the defendants are without authority to close The Driftway to vehicular traffic.

The orders of the single justice are affirmed. An order shall be entered on the docket of the Superior Court reflecting that the order of the trial judge denying the plaintiffs'

request for a preliminary injunction is modified and that the defendants are enjoined from excluding vehicular traffic from The Driftway until such time as they can demonstrate compliance with the provisions of G. L. c. 90, § 18.

*So ordered.*