ALBERT CARISTA *vs.* BERKSHIRE MUTUAL INSURANCE CO. April 16, 1985.
*Practice, Civil*, Appeal, Review of interlocutory action. *Supreme Judicial Court*, Superintendence of inferior courts.

On May 12, 1983, judgment was entered for the plaintiff, Albert Carista, as a sanction for the failure of the defendant, Berkshire Mutual Insurance Co., to provide timely answers to the plaintiff's interrogatories. A Superior Court judge granted the defendant's motion for relief from judgment under Mass.R. Civ.P. 60 (b), 365 Mass. 828 (1974), and allowed the defendant to file its answers. A single justice of this court denied the plaintiff's petition for relief from the interlocutory order under rule 60 (b), and the plaintiff appealed to the full court. We conclude that the plaintiff's contentions are not properly before us, and thus dismiss the appeal.

Under G. L. c. 231, § 118, no appeal of "the single justice's discretionary denial of relief from the trial judge's interlocutory order may be presented to the full court unless the single justice has reported his action to the full court

or has allowed a petition requesting interlocutory appellate review." *Corbett* v. *Kargman*, 369 Mass. 971, 971-972 (1976). *Rollins Envtl. Servs., Inc.* v. *Superior Court*, 368 Mass. 174, 181 (1975). Since neither of these steps has been taken, the plaintiff has no right of appeal from the action of the single justice. Nor would the plaintiff's position be enhanced if his petition were styled as a request for relief under this court's general superintendence power. G. L. c. 211, § 3. Relief under that statute is only available in "exceptional circumstances, when necessary to protect substantive rights." *Healy* v. *First Dist. Court of Bristol*, 367 Mass. 909, 909 (1975). See *Petition of the Dist. Attorney for the Plymouth Dist.*, 391 Mass. 723, 728 (1984). "Such exceptional circumstances do not exist when the appellant will have an opportunity to prove its allegations at trial." *Cappadona* v. *Riverside 400 Function Room, Inc.*, 372 Mass. 167, 169-170 (1977). Moreover, if the plaintiff in this case appeals from a final judgment, the issue presented under rule 60 (b) will be available for review.

The defendant claims that this appeal is "frivolous" within the meaning of Mass. R. A. P. 25, as amended, 378 Mass. 925 (1979), see *Cappadona, supra* at 170, and thus that the plaintiff should be liable for double costs. In light of all the circumstances present here, we disagree.

*Appeal dismissed.*

*Albert Carista*, pro se.
*John J. Davis* for the defendant.