FREENEZETTER ASHFORD vs. MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY & others.[1]

Suffolk. October 3, 1995. - December 26, 1995.

Present: LIACOS, C.J., ABRAMS, LYNCH, GREANEY, & FRIED, JJ.

*Practice, Civil,* Interlocutory appeal, Injunctive relief. *Appeals Court,*
Concurrent jurisdiction, Appeal from order of single justice, Direct ap-
pellate review by the Supreme Judicial Court. *Supreme Judicial Court,*
Jurisdiction. *Injunction.*

Discussion of the interlocutory review procedures set forth in G. L. c. 231,
§ 118. [565-568]
This court dismissed the complaint of a litigant who did not follow the
procedures set forth in G. L. c. 231, § 118, first and second pars., in
Mass. R. A. P. 6 (a), or in G. L. c. 211A, § 10, in seeking injunctive
relief or in seeking review of the denial of her request for injunctive
relief. [568]
This court stated that henceforth sanctions may be imposed for a litigant's
or attorney's improper appeal. [568-569]

CIVIL ACTION commenced in the Supreme Judicial Court
for the county of Suffolk on October 28, 1994.

The case was heard by *O'Connor,* J.

*Sanford A. Kowal* for the plaintiff.

*Sandra DeSantis* for Massachusetts Bay Transportation
Authority & others.

*John McMahon,* for Local Division 589, Amalgamated
Transit Union & another, was present but did not argue.

ABRAMS, J. The plaintiff, Freenezetter Ashford, appeals
from the denial by a single justice of this court of her request
for injunctive relief. Relying on G. L. c. 231, § 118, first and
second pars. (1994 ed.), and G. L. c. 231, § 112 (1994 ed.),

---

[1]Local Division 589, Amalgamated Transit Union; Thomas McGary;
Alice McLaughlin; and Richard Murphy.

Ashford appealed to the Supreme Judicial Court for Suffolk County (single justice session) after a single justice of the Appeals Court denied her motion requesting that the Massachusetts Bay Transportation Authority (MBTA) be ordered to reinstate her as a bus driver. For the reasons stated below, we conclude that this appeal should be dismissed.

1. *Facts.* On December 14, 1992, Ashford was terminated from her job as a bus driver with the MBTA after the MBTA investigated an incident in which she allegedly assaulted another employee. According to the MBTA, Ashford was terminated for four violations of MBTA rules and for her unsatisfactory disciplinary record. Ashford filed a complaint in the Superior Court[2] against the MBTA, alleging racial discrimination and violations of 42 U.S.C. §§ 1981, 1983, 1985; Title VII of the Civil Rights Act of 1963; G. L. c. 151B (1994 ed.); G. L. c. 93, § 102 (1994 ed.); and Massachusetts common law. She also filed a complaint against Local Division 589, Amalgamated Transit Union, for violation of its duty of fair representation and for failure to take her grievance to arbitration. She also sought damages from three individuals involved in her discharge.

In the Superior Court, Ashford moved for a preliminary injunction ordering the MBTA to reinstate her. She asserted that the loss of her job was an irreparable injury, because, due to the delay inherent in litigation, she could not be adequately compensated by any future damage award. Ashford therefore concluded that she had no adequate remedy at law. A Superior Court judge denied the motion, determining that Ashford had not proved a likelihood of success on the merits and that she had an adequate remedy at law.[3] Ashford en-

---

[2]Initially, Ashford filed a complaint against the MBTA with the Massachusetts Commission Against Discrimination (MCAD). Pursuant to G. L. c. 151B, § 9 (1994 ed.), the MCAD dismissed the complaint at Ashford's request.

[3]"[W]hen asked to grant a preliminary injunction, the judge initially evaluates in combination the moving party's claim of injury and chance of success on the merits. If the judge is convinced that failure to issue the injunction would subject the moving party to a substantial risk of irreparable harm, the judge must then balance this risk against any similar risk of

tered a complaint pursuant to G. L. c. 231, §§ 118 and 112,[4] in this court seeking the grant of the preliminary injunction that had been denied in the Superior Court. The clerk correctly transferred the case to the Appeals Court, and a single justice of the Appeals Court denied Ashford's request for relief. Ashford then appealed to a single justice of this court. That was error.

2. *Procedure.* It is settled that absent "special authorization," *Cappadona* v. *Riverside 400 Function Room, Inc.*, 372 Mass. 167, 169 (1977), "an appellate court will reject attempts to obtain piecemeal review of trial rulings that do not represent final dispositions on the merits." *R.J.A.* v. *K.A.V.*, 34 Mass. App. Ct. 369, 372 (1993). General Laws c. 231, § 118, provides such authorization in a narrow range of cases.

The first and second paragraphs of § 118 describe two distinct interlocutory procedures. See *Packaging Indus. Group, Inc.* v. *Cheney*, 380 Mass. 609, 615 (1980); *Demoulas Super Mkts., Inc.* v. *Peter's Mkt. Basket, Inc.*, 5 Mass. App. Ct. 750, 752 n.3. (1977). The first paragraph[5] allows a litigant to petition the appropriate appellate court. The "appropriate appellate court" is the court — either this court or the Ap-

---

irreparable harm which granting the injunction would create for the opposing party. What matters as to each party is not the raw amount of irreparable harm the party might conceivably suffer, but rather the risk of such harm in light of the party's chance of success on the merits. Only where the balance between these risks cuts in favor of the moving party may a preliminary injunction properly issue." *Packaging Indus. Group, Inc.* v. *Cheney*, 380 Mass. 609, 617 (1980). Accord *Planned Parenthood League of Mass., Inc.* v. *Operation Rescue*, 406 Mass. 701, 710 (1990). At oral argument before this court, the focus was on the adequacy of Ashford's remedy at law.

[4]Ashford's reliance on G. L. c. 231, § 112 (1994 ed.), is misplaced. Section 112 sets forth the procedure for a report by the single justice. The single justice did not report this matter and thus § 112 is not applicable. Ashford did not seek relief pursuant to G. L. c. 211, § 3 (1994 ed.).

[5]General Laws c. 231, § 118, first par., provides, in pertinent part: "A party aggrieved by an interlocutory order of a trial court justice in the superior court . . . may file . . . a petition in the appropriate appellate court seeking relief . . . ."

peals Court — "in which any ultimate appeal of the completed case would have to be entered." *Foreign Auto Import, Inc. v. Renault Northeast, Inc.*, 367 Mass. 464, 470 (1975). The Appeals Court is the appropriate appellate court if it has concurrent jurisdiction with this court. G. L. c. 211A, §§ 1, 10 (1994 ed.). *Commonwealth v. Friend*, 393 Mass. 310, 313 (1984). See Appeals Court Rule 2:01 (1995). Generally, the Appeals Court has concurrent jurisdiction over matters arising in Superior Court. G. L. c. 211A, § 10.

In a case like this, the petition referred to in § 118, first par., is a pleading (complaint) submitted to a single justice of the appropriate court requesting injunctive relief. *Foreign Auto Import, supra* at 469-470. The single justice "enjoys broad discretion to deny the petition, or to 'modify, annul or suspend the execution of the [trial court's] interlocutory order,' . . . or, finally, to report the request for relief to the appropriate appellate court." *Packaging Indus. Group, supra* at 614, quoting *Rollins Envtl. Servs., Inc. v. Superior Court*, 368 Mass. 174, 181 (1975). Accord *Gibbs Ford, Inc. v. United Truck Leasing Corp.*, 399 Mass. 8, 10 n.8 (1987). This authority includes the power to grant an injunction that has been denied in the Superior Court. See *Edwin R. Sage Co. v. Foley*, 12 Mass. App. Ct. 20, 22-25 (1981). An Appeals Court single justice's grant of injunctive relief is immediately appealable to a panel of the Appeals Court. *Nabhan v. Selectmen of Salisbury*, 12 Mass. App. Ct. 264, 269 (1981). So too, the order of a single justice of this court granting injunctive relief is immediately appealable to this court. See *Rollins Envtl. Servs., Inc. v. Superior Court*, 368 Mass. 174, 181 (1975). The denial of injunctive relief is not reviewable "unless the single justice has reported his action to the full court or has allowed a petition requesting interlocutory appellate review." *Carista v. Berkshire Mut. Ins. Co.*, 394 Mass. 1009, 1009-1010 (1985), quoting *Corbett v.*

*Kargman,* 369 Mass. 971, 971-972 (1976). *Rollins Envtl. Servs., Inc., supra* at 181. *Nabhan, supra* at 266.[6]

The second paragraph of G. L. c. 231, § 118,[7]allows a litigant a direct appeal from the order of the trial judge granting or denying injunctive relief. See *Packaging Indus. Group, supra* at 613 ("We also conclude, as a matter of Massachusetts practice, that appeals pursuant to G. L. c. 231, § 118, second par., properly lie to the Appeals Court, or, in an appropriate case, to this court, rather than to a single justice of either court"); *Gibbs Ford, supra* at 10 n.8. See also *Demoulas Super Mkts., supra* at 751-752 & n.3 ("the procedure for taking an appeal [pursuant to § 118, second par.] . . . is precisely the same as that for taking an appeal from a final judgment"). After an appeal under G. L. c. 231, § 118, second par., is properly entered in the Appeals Court, the litigant has twenty days to petition this court for direct appellate review. See G. L. c. 211A, § 10 (A); Mass. R. A. P. 11, as amended, 378 Mass. 938 (1979).

Although the first and second paragraphs of G. L. c. 231, § 118, offer distinct avenues of relief, see *Packaging Indus., supra* at 615, a party taking an appeal from the denial of a request for injunctive relief pursuant to the second paragraph also may seek temporary relief, available at the discretion of the single justice, pursuant to the first paragraph. *Id.* at 614. *Edwin R. Sage Co.* v. *Foley, supra* at 22, 24. See *Demoulas Super Mkts., supra* at 754 (if relief from full court pursuant to § 118, second par., is proper, relief pursuant to § 118, first par., from single justice is an available alternative). Alternatively, a litigant may, pending appeal, seek temporary relief pursuant to Mass. R. A. P. 6 (a), as amended, 378 Mass.

---

[6]Ashford's assertion that *Edwin R. Sage Co.* v. *Foley,* 12 Mass. App. Ct. 20 (1981), stands for a contrary proposition is not correct. In *Sage,* unlike this case, the single justice authorized the litigant to pursue an interlocutory appeal. *Id.* at 21.

[7]General Laws c. 231, § 118, second par., provides, in pertinent part: "A party aggrieved by an interlocutory order of a trial court justice in the superior court . . . granting [or] refusing . . . a preliminary injunction, . . . may appeal therefrom to the appeals court . . . ."

930 (1979), which provides in pertinent part: "In civil cases, an application . . . for an order suspending, modifying, restoring or granting an injunction during the pendency of an appeal . . . may be made to the appellate court or to a single justice . . . ."

Ashford's complaint pursuant to G. L. c. 231, § 118, first par., was heard and denied by a single justice of the Appeals Court. Absent a report, that decision may not be reviewed until the entire case is ripe for review. *Nabhan, supra* at 266. *Ott* v. *Preferred Truck Leasing, Inc.*, 9 Mass. App. Ct. 875, 876 (1980). The single justice did not, however, dispose of Ashford's appeal pursuant G. L. c. 231, § 118, second par., because that appeal lay directly to the Appeals Court. Ashford could have asked the single justice to expedite that appeal or to grant relief (pursuant to either G. L. c. 231, § 118, first par., or Mass. R. A. P. 6 [a]), pending that appeal. After entering her appeal in the Appeals Court, Ashford could have applied to this court for direct appellate review. G. L. c. 211A, § 10. Mass. R. A. P. 11. Ashford followed none of these procedures. Instead, after the Appeals Court single justice denied her request for relief, Ashford appealed directly to a single justice of this court. Neither G. L. c. 231, § 118, nor our caselaw, permits a civil litigant to proceed from one single justice session to another in this manner.[8] Therefore, neither Ashford's complaint pursuant to G. L. c. 231, § 118, first par., nor her appeal pursuant to G. L. c. 231, § 118, second par., are properly before us.

We take this opportunity to remind litigants and their attorneys that, "[b]ecause of the delay and wastework which improper appeals necessarily entail, the perpetrator [either litigant or attorney] should expect not only dismissal of his appeal but also the possibility of double costs, penalty interest, or damages under the provisions of Mass. R. A. P. 25, as amended, 378 Mass. 925 (1979), [of G. L. c. 211 § 10,] of

---

[8]In criminal cases, where the defendant has been convicted and sentenced, a motion to stay sentence may be heard by a single justice of this court after being denied by a single justice of the Appeals Court. *Commonwealth* v. *Allen*, 378 Mass. 489, 496-497 (1979).

G. L. c. 211A, § 15, or of G. L. c. 231, §§ 6F or 6G." *Mancuso* v. *Mancuso*, 10 Mass. App. Ct. 395, 402 (1980). Accord *Pollack* v. *Kelly*, 372 Mass. 469, 477 (1977) (imposing double costs); *Matter of a Grand Jury Subpoena*, 30 Mass. App. Ct. 462, 463 (1991), *S.C.*, 411 Mass. 489 (1992). Because we have not reviewed procedure under G. L. c. 231, § 118, recently, we do not impose sanctions in this case.

*Appeal dismissed.*