ARTHUR KALOGIANIS *vs.* JOSEPH A. LEONE, THIRD, & another.[1] No. 98-P-2009. December 21, 2000. *"Anti-SLAPP" Statute. Practice, Civil,* Interlocutory appeal, Motion to dismiss, Judicial discretion.

One hundred and thirty-two days after a counterclaim was served on him, the plaintiff, Arthur Kalogianis, filed a special motion under G. L. c. 231, § 59H, commonly referred to as the anti-SLAPP statute,[2] to dismiss the defendants' counterclaim. After a hearing, a Superior Court judge denied the motion on the grounds that it was "not filed within sixty days of service as required" by the fourth paragraph of the statute. Moreover, the judge wrote, had he addressed the merits of the motion, he would be inclined to deny relief because "there is a substantial basis for [the defendants'] counterclaim other than plaintiff's claimed petitioning activity. See *Duracraft Corp.* v. *Holmes Prods. Corp.*[,] 427 Mass. 156, 168 (1998)." Although the underlying case continues, the plaintiff appealed both to a single justice of this court (who ruled against him), and to this panel, claiming that the motion judge was mistaken as a matter of law for failing to consider the merits of his late-filed special motion, and for failing to grant his motion. We affirm.

[1]Theresa B. Leone.

[2]The acronym "SLAPP" (Strategic Lawsuit Against Public Participation) was coined by G. W. Pring and P. Canan. See Pring, SLAPPs: Strategic Lawsuits Against Public Participation, 7 Pace Envtl. L. Rev. 3, 4 (1989).

1. *Appropriateness of review.* "It is settled that absent special authorization, an appellate court will reject attempts to obtain piecemeal review of trial rulings that do not represent final dispositions on the merits." *Ashford* v. *Massachusetts Bay Transp. Authy.*, 421 Mass. 563, 565 (1995) (citations omitted). Further review is, of course, available if the single justice reports the case or allows a petition for a full panel appeal. See G. L. c. 231, § 118; *Carista* v. *Berkshire Mut. Ins. Co.*, 394 Mass. 1009, 1010 (1985).

Here the single justice declined either option, no doubt persuaded by the plaintiff's failure to establish any justifiable explanation for the late filing. Nothing has occurred that deprives the plaintiff of a trial on the merits; nor does the judge's order fit within the doctrine of "present execution," because the motion judge's action has no impact on the plaintiff's ability to defend against the counterclaim. *Borman* v. *Borman*, 378 Mass. 775, 779-782 (1979). Interlocutory appeal of a denial of a § 59H special motion to dismiss is not available in the absence of circumstances identifiably more extraordinary than those now before us.[3]

2. *Late filing.* Even if we were to reach the primary point raised by the plaintiff on appeal — that it was an abuse of discretion for the judge not to allow the late filing of the special motion — the plaintiff would not prevail. He cites *Peterson* v. *Cadogan*, 313 Mass. 133, 134-135 (1943), for the proposition that a court commits an error of law by ruling that it cannot allow a motion when it can if it so chooses. See *Tazziz* v. *Tazziz*, 26 Mass. App. Ct. 809, 814 n.5 (1988). That is not what occurred here. The judge implicitly recognized that he could have allowed the late filing, see *Donovan* v. *Gardner*, *ante* 595 (2000), by stating, "had the court addressed the merits of the motion, the court would be inclined to deny it."

The appeal is dismissed. We award to the defendants appellate counsel fees and double costs of appeal. See Mass.R.A.P. 25, as amended, 378 Mass. 925 (1979); *Ashford* v. *Massachusetts Bay Transp. Authy.*, 421 Mass. at 568.

*So ordered.*

*Robert J. Gilbert* for the plaintiff.
*Daniel A. Hayes, Jr.,* for the defendants.

---

[3]We do not decide whether an interlocutory appeal may be an appropriate means to review a dismissal of a counterclaim under G. L. c. 231, § 59H.