Douglas O. Nystedt, Jr. *vs.* Earl D. Munroe & another.[1] August 15, 2008. *Supreme Judicial Court,* Superintendence of inferior courts. *Appeals Court,* Appeal from order of single justice.

The petitioner, Douglas O. Nystedt, Jr., appeals from a judgment of a single justice of the county court denying his petition for relief pursuant to G. L. c. 211, § 3. We affirm.

The procedural history of the matter is as follows. In an underlying action in the Probate and Family Court, the petitioner contested the will of his late brother, claiming, among other things, that it was void because an attorney whose firm prepared the will stood to inherit under it. The petitioner filed a motion in the Probate and Family Court for partial summary judgment on that basis. The probate judge denied his motion without prejudice to renewal after discovery had been completed. The petitioner then sought relief from that rul-

---

[1]The Appeals Court was named as a respondent but is only a nominal party. See S.J.C. Rule 2:22, 422 Mass. 1302 (1996).

ing from a single justice of the Appeals Court in accordance with G. L. c. 231, § 118, first par. The single justice denied his petition, and on a subsequent motion for reconsideration declined to change her ruling. The petitioner next filed a notice of appeal in the Appeals Court, purporting to appeal from the single justice's order denying his petition for interlocutory relief to a panel of the Appeals Court. A second single justice of the Appeals Court struck his notice of appeal, concluding that he had no right to appeal (and subsequently also rejected a second request by the petitioner to obtain panel review).

The petitioner then filed his petition in this court, pursuant to G. L. c. 211, § 3, seeking relief from the order of the second single justice of the Appeals Court striking his notice of appeal and from the probate judge's denial of his underlying motion for summary judgment. That petition was denied by a single justice of this court. In denying the petition under G. L. c. 211, § 3, the single justice ruled that the petitioner had adequate alternative remedies with respect to the order denying his summary judgment motion. She did not address his claim concerning the striking of his notice of appeal. In a previously issued order pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), we determined that the single justice was correct to deny G. L. c. 211, § 3, relief concerning the summary judgment motion. We allowed this appeal to proceed solely with respect to the order of the second Appeals Court single justice striking the notice of appeal, because that order was not subject to rule 2:21. The petitioner's arguments regarding the denial of his motion for summary judgment, having been previously adjudicated, are not properly before us.

As for the order striking his notice of appeal, the petitioner makes essentially the same argument made by the petitioner in *McMenimen* v. *Passatempo, ante* 178 (2008). The two petitioners are in fact represented by the same counsel. For reasons stated in the *McMenimen* case, we reject that argument and reaffirm the well-settled rule that a litigant aggrieved by a decision of a single justice of the Appeals Court denying a petition pursuant to G. L. c. 231, § 118, first par., does not have an absolute right to appeal from the single justice's decision to a panel of the Appeals Court. See, e.g., *Carista* v. *Berkshire Mut. Ins. Co.*, 394 Mass. 1009, 1010 (1985); *Cappadona* v. *Riverside 400 Function Room, Inc.*, 372 Mass. 167, 169 (1977); *Corbett* v. *Kargman*, 369 Mass. 971, 971-972 (1976); *Rollins Envtl. Servs., Inc.* v. *Superior Court*, 368 Mass. 174, 181 (1975).[2]

The judgment of the single justice of the county court denying relief under G. L. c. 211, § 3, is therefore affirmed.

*So ordered.*

*William P. Corbett, Jr.*, for the plaintiff.

---

[2]We note that the underlying action in the Probate and Family Court has been finally resolved, and an appeal from the judgment is pending and under advisement in the Appeals Court.