BASIL A. ENTE *vs.* ROBERT K. MERRY & others.[1] December 31, 1982. Ente filed a complaint in the Superior Court alleging in count I that about June 27, 1979, he made a contract with Merry which contained a covenant by Merry that, if Merry left Ente's employ voluntarily, he would refrain from competition with Ente for two years. In count II, it was alleged (a) that the defendant Frankl had entered into a one-year personal service contract with Ente, automatically self-extending from year to year, and (b) that this contract contained a covenant by Frankl against competition with Ente for eighteen months after termination for any reason of Frankl's employment with Ente.

The complaint, in nine additional counts, asserted various theories of relief. These were largely allegations that Merry had left Ente's employ about February 27, 1981, and that Frankl had left Ente's employ about February 13, 1981, and that Merry and Frankl were each engaging cooperatively in competition with Ente in violation of their respective restrictive covenants.

Frankl was a resident of Connecticut alleged to be subject to the so-called "long arm" jurisdiction of the court. G. L. c. 223A, § 3. Frankl was served with at least some documents, by certified mail, the mail receipt showing that he received these on May 6, 1981. Frankl was defaulted on May 29, 1981, on motion by Ente, and on that day a preliminary injunction was entered (apparently on the basis of the default) to prevent his further violation of his restrictive covenant. There followed a series of hearings in the Superior Court before different judges, which culminated on August 26 in an order holding Frankl in contempt, and on September 8 in the denial of Frankl's motion to shorten the notice time for discovery of certain documents, especially a copy of Frankl's contract

---

[1] Joel Frankl, Teledyne Industries, Inc., and Harman-Kardon, Inc.

with Ente. This denial by one Superior Court judge was expressly based on an order of another Superior Court judge, entered on May 18, 1981, staying all proceedings because Merry's contract with Ente contained a provision for arbitration. Frankl's default had been removed by still another Superior Court judge on July 1, on Frankl's motion. Thus, if the default preliminary injunction against Frankl was not automatically dissolved when Frankl's default was removed on July 1, he not only was being denied (on September 8) a dissolution of the injunction of May 29 but also discovery of his contract, because of the stay order entered on May 18. The order of May 18 appears to have been considered on review on May 20 (before Frankl was an active participant in this litigation), by the same single justice from whose order the present appeal is now claimed.

Frankl on September 18, 1981, filed in this court a petition for relief under the first paragraph of G. L. c. 231, § 118, to obtain (a) dissolution of the preliminary injunction of May 29, and (b) orders to Ente to produce a copy of the alleged contract containing Frankl's restrictive covenant and to expedite (by shortening the time of notice) a proposed deposition. After a first hearing, on September 23, a single justice of this court denied all the relief sought. Upon a request for reconsideration, supported by affidavits, a further hearing before the single justice took place on September 25. On September 28, the single justice entered a "Memorandum & Order," which contained a history of the confused earlier proceedings in the Superior Court. Among the recitals in that history was a statement that, when Ente's attorney (at the request of the single justice) about September 24 supplied Frankl with a copy of his contract with Ente, the signature page of the contract was missing. The single justice also recited that the fact that the signature page was missing had not been made known to her by Ente's counsel at the hearing in the single justice session on September 23. The single justice then stated, ". . . whether a valid binding contract exists is at the heart of this suit. The contract also provides the basis for the injunction. . . . [T]he issue of the *missing page was never presented to the trial judge* on May 29, 1981 [when the preliminary injunction against Frankl was entered], because . . . [Ente's] counsel . . . was [then] himself unaware of this fact . . . . To obtain an injunction, the moving party must show a probability of prevailing on the merits and irreparable harm. Here, it was never presented to the [enjoining] judge that . . . [Ente] had the initial problem of demonstrating a valid, binding contract. For that reason, I conclude that Frankl is entitled to relief *until such time as [Ente] meets his burden. The trial judge has never been afforded the opportunity to consider this issue . . . and I will not usurp his role. . . .* [B]ecause there can be no injunction without a contract, . . . the parties must be restored to their original positions *until* [Ente] *meets his burden* in the proper forum" (emphasis supplied).

The single justice then vacated her earlier order of September 23 and ordered the injunction of May 29 to be dissolved. From this order, Ente

has appealed, on the ground that the action of the single justice exceeded a sound judicial discretion under the powers granted by G. L. c. 231, § 118. It does not appear on this record what, if any, effort has been made in the Superior Court to obtain further relief by way of injunction against Frankl.

In the face of (a) the confusion which existed in the Superior Court because of somewhat inconsistent actions by different judges in dealing with the case against Merry, on the one hand, and with the case against Frankl, on the other hand, and (b) the obvious uncertainty (based on the missing contract signature page) whether there existed any valid contract between Frankl and Ente, on which the injunction of May 29 properly could rest, the single justice's grant of limited relief seems not only reasonable but highly sensible. The single justice, in effect, merely dissolved the injunction until such time as Ente could sustain in the Superior Court the burden of showing a sufficient probability that he had an enforceable contract that would justify issuing an injunction. It was open to Ente, after the single justice's order, to proceed at once to seek a hearing in the Superior Court and to request preliminary relief. The action of the single justice appears to be wholly within the broad discretionary powers granted under G. L. c. 231, § 118, first par. See *Packaging Indus. Group, Inc.* v. *Cheney,* 380 Mass. 609, 613-614 (1980); *Edwin R. Sage Co.* v. *Foley,* 12 Mass. App. Ct. 20, 22-25 (1981). See also *Nabhan* v. *Selectmen of Salisbury,* 12 Mass. App. Ct. 264, 266-269 (1981); Mass.R.A.P. 6, as amended 378 Mass. 930-931 (1979). The order of the single justice dated September 28, 1981, is affirmed.

*So ordered.*

*John A. Voros* for the plaintiff.
*Joan I. Milstein* (*Nelson P. Lovins* with her) for Joel Frankl.