**In re Robert OBERKOETTER.**

**No. 79–1580.**

United States Court of Appeals,
First Circuit.

Argued Nov. 9, 1979.

Decided Jan. 4, 1980.

Thomas C. Troy, Dorchester, Mass., with whom Troy & Collins, Rosemary Minehan and Michael Reilly, Dorchester, Mass., were on brief for appellant.

Douglas P. Woodlock, Asst. U.S. Atty., Boston, Mass., with whom Edward F. Harrington, U.S. Atty., Boston, Mass., was on brief, for appellee.

Before COFFIN, Chief Judge, BOWNES, Circuit Judge, WYZANSKI, Senior District Judge.*

* Of the District of Massachusetts, sitting by designation.

WYZANSKI, Senior District Judge:

The principal question presented is whether a client may appeal to the court of appeals from a district court's order directing his attorney to testify before the grand jury with respect to a communication allegedly covered by the attorney-client privilege.

October 18, 1979 the District Court issued a subpoena to Robert F. Oberkoetter, counsel to the Executive Council of the Commonwealth of Massachusetts, to testify before the grand jury of the United States District Court for the District of Massachusetts. He appeared but, asserting his status as attorney for the Executive Council, declined to answer on the basis of his claim of an attorney-client privilege.

October 25, the United States filed in the District Court a motion to compel Oberkoetter to testify. At an October 26 hearing on the motion, the District Judge heard counsel for the United States, counsel for Oberkoetter, and counsel for an unnamed "target" of the grand jury who, as a member of the Executive Council, claimed to be Oberkoetter's client. Then the District Judge entered his October 26 order which, after recitals, provides merely that Oberkoetter "shall not be excused from testifying or producing evidence on the basis of attorney-client privilege."

The Court on October 31, 1979 denied a motion for reconsideration.

Without naming his client, counsel for the target filed a notice of appeal to this court. The motion does not allege any explanation for the failure to disclose the name of the client.

Counsel for appellant stated at our bar that Oberkoetter plans to testify as to the appellant's communications with him. But there is no proof that he will do so.

Of the many jurisdictional questions revealed by the record [1] we shall address at length only the one canvassed in the brief and arguments of counsel.

Our starting point is the well-settled rule that an attorney has no right to appeal from a district court order directing him to testify before the grand jury with respect to an attorney-client communication. Such an order directing a witness to appear and testify before a grand jury is not included in those "final decisions" which the courts of appeals are authorized to review by 28 U.S.C. § 1291. *Cobbledick v. United States*, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940); *Alexander v. United States*, 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686 (1906). See *United States v. Ryan*, 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971); *United States v. Nixon*, 418 U.S. 683, 690–691, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). The witness must either obey the court's command or refuse to do so and contest the validity of the order if he is subsequently cited for contempt on account of his failure to obey. *Ibid.* Mr. Justice Brennan gave as a short summary of the reason for the

---

1. Inasmuch as this opinion does not turn on any substantive matter but merely concludes that the appeal must be dismissed for want of jurisdiction to hear a client's appeal from an order commanding his attorney to testify to a confidential attorney-client communication, sound judicial practice does not *require* us to consider whether there are other jurisdictional or procedural grounds which would also warrant a dismissal of the appeal. Nonetheless, we recognize that this appeal could have been dismissed on each of the following grounds: (1) the putative order of October 26, 1979 from which an appeal is sought to be taken is not the type of order which is susceptible of appeal since it does not impose any obligation upon Oberkoetter to testify or to perform, or refrain from performing, any act, but is a mere contingent warning to Oberkoetter that if he is so

ordered he will not be excused from an obligation to testify on the basis of the attorney-client privilege; (2) the notice of appeal is invalid because it does not name any person as the appellant but merely refers to an anonymous "target" without giving any explanation for cloaking his name; and (3) the putative appeal is for the benefit of a person who in the District Court was neither a party nor an intervenor. On October 26 the putative appellant did not seek to intervene in the District Court and on October 31 when his counsel did file a motion to intervene the District Court denied the motion, and no one has appealed from that denial.

Our reason for not resting our judgment on any or all of those three grounds is that none of them was raised by the briefs or argument of counsel.

*Cobbledick* rule that "the necessity for expedition in the administration of the criminal law justifies putting one who seeks to resist the production of desired information to a choice between compliance with a trial court's order to produce prior to any review of that order, and resistance to that order with the concomitant possibility of an adjudication of contempt if his claims are rejected on appeal." *United States v. Ryan, supra*, 402 U.S. at p. 533, 91 S.Ct. at p. 1582. A more complete exposition is in 9 Moore, Federal Practice, ¶ 110.13[2] at 153–156 (Ward ed. 1975). See also Wright, Miller & Cooper, Federal Practice and Procedure, § 3914 at 567–68, 576–77 (1976).

Many of the considerations which preclude an attorney from appealing an order to testify before the grand jury with respect to a privileged attorney-client communication apply to a client's claim that he should be allowed to appeal. Whichever appeal was allowed would involve the same interference with and delay in the administration of criminal justice, the same piecemeal process of appeal, the same inundation of appellate dockets (*United States v. Fried*, 386 F.2d 691, 693, 694 (2nd Cir. 1967); *Borden Co. v. Sylk*, 410 F.2d 843 (3rd Cir. 1969)), the same risk that delay might require the abandonment of the presentation before the original jury and the renewal of the government's presentation before a new grand jury or might permit wrongdoers to avoid punishment because of later unavailability of witnesses or the running of the statute of limitations. But appellant's argument is that, unlike the attorney, the client does not have the possibility of refusing to obey the court's command and contesting the validity of the order if he is subsequently cited for contempt on account of his failure to obey.

The reply to that argument is that there is no strong reason why, at the initiative of either the client or the attorney, any form of review should be provided. "[T]he right to a judgment from more than one court is a matter of grace and not a necessary ingredient of justice." *Cobbledick v. United States, supra*, 309 U.S., p. 325, 60

S.Ct., p. 541; *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, n. 8, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). In the attorney-client situation the issues of fact and of law customarily raised have a simplicity and familiarity which fall well within the competence of a district judge. A hearing by him is so likely to be fully satisfactory that in the usual case there is no public policy favoring any form of review. Moreover, for patent abuse of discretion, or to settle new and important problems respecting the power of the district court, mandamus is available. *National Super Spuds, Inc. v. New York Mercantile Exchange*, 591 F.2d 174, 181 (2nd Cir. 1979). Cf. *Schlagenhauf v. Holder*, 379 U.S. 104, 111, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). See Moore, *supra*, at p. 155.

Appellant seeks to avoid the foregoing considerations by resort to *Perlman v. United States*, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 (1918).

In our discussion of that questionable case, we are greatly aided by the superb opinion of Judge Friendly in *National Super Spuds, Inc. v. New York Mercantile Exchange, supra*.

In *Perlman* the district court had impounded and deposited with the clerk exhibits used in a completed case. The United States Attorney applied to the district court for, and secured, an order (herein called "the first order") directing the clerk to deliver possession of the exhibits to the United States Attorney so that he might present them to the grand jury. Perlman, claiming that he had Fourth and Fifth Amendment privileges with respect to the exhibits, brought, in an independent proceeding, a petition to restrain the United States Attorney from presenting the exhibits to the grand jury. The district judge entered an order (herein called "the second order") denying Perlman's petition, and he appealed from the denial. The government filed a motion to dismiss the appeal. It contended that "the order of the District Court" was interlocutory and therefore "not reviewable" by the Supreme Court. The Supreme Court in an opinion by Mr. Justice McKen-

na construed that contention as relating to the first order "granted upon . . . [the government's] solicitation." P. 13, 38 S.Ct. 417. Mr. Justice McKenna stated that the government's contention was that Perlman was "powerless to avert the mischief of the order but must accept its incidence and seek a remedy at some other time and in some other way." P. 13, 38 S.Ct. p. 419. The Supreme Court denied the motion to dismiss the appeal.

Appellant at bar seeks to draw from *Perlman* a generalization that one who claims a privilege with respect to testimony which another has been ordered to give the grand jury has a right not only to assert his privilege in the district court but also to appeal from any denial of that privilege by the district court because he has no means of challenging the order by being put in contempt.

*Perlman* has been often cited with more than cursory approval by the Supreme Court, *United States v. Nixon*, 418 U.S. 683, 691, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974); *United States v. Ryan, supra*, 402 U.S., p. 533, 91 S.Ct. 1580; *Cobbledick v. United States*, 309 U.S., pp. 328, 329, 60 S.Ct. 540. Yet the repeated citations do not show the applicability of *Perlman* to the case at bar. But see *Velsicol Chemical Corp. v. Parson*, 561 F.2d 671, 674 (7th Cir. 1977), *cert. denied* 435 U.S. 942, 98 S.Ct. 1521, 55 L.Ed.2d 538 (1978).

There has been no occasion for the Supreme Court to consider whether *Perlman* justifies a holding that a third party has a direct appeal from an order directing someone to testify or produce evidence before a grand jury. If the Supreme Court had faced that question, we believe that *Perlman* would have been distinguished or overruled.

*Perlman's* obvious deficiency is that it does not wrestle with the broad policy issues which perhaps had to await *Cobbledick* to be adequately disclosed. Mr. Justice McKenna does not even note that the reasons against a ready allowance of interlocutory appeals are that they interfere with the administration of the criminal law, post-

pone trials of matters of utmost urgency, and tend to overload crowded appellate dockets. Nor did he consider that to deny an appeal from an interlocutory order would not preclude review by mandamus where there was a patent abuse by the district court or a new problem. Indeed there was no reason for such consideration because the *Perlman* case came before the Supreme Court not by appeal from an interlocutory order but by an appeal from a final order in an independent proceeding. Moreover, *Perlman* was a unique case in that there was no relation between the holder of the privilege and the person who could get a review of the contested order by defying it and risking contempt proceedings: that is, Perlman has no relation to the clerk comparable to that of a client with an attorney. An attorney, in his client's interest and as proof of his own stout-heartedness, might be willing to defy a testimonial order and run the risk of a contempt proceeding. But no clerk would do that for a litigant. Truly Perlman was "powerless to avert the mischief of the order." *Ibid.*, 247 U.S., p. 13, 38 S.Ct., p. 419.

All the members of this panel are agreed that we are not bound by *Perlman*. But see *contra: Velsicol Chemical Corp. v. Parsons, supra*. My brethren would distinguish the instant case on the ground that here, unlike in *Perlman*, the witness called before the grand jury could be expected to defend the privilege by risking contempt if the claim of privilege had merit.

The writer of this opinion, while he expects the Supreme Court ultimately to overrule *Perlman* as fundamentally inconsistent with the reasoning of *Cobbledick*, would now distinguish *Perlman* on the ground that there the appellant presented a claim of constitutional privilege. It may be that where a claim has constitutional dimensions it is appropriate under our traditions not to confine the matter to the conclusive decision of a district court but to leave open an avenue of appeal not merely to the courts of appeals but, subject to *certiorari* control, to the Supreme Court of the United States.

The presence of a constitutional claim of privilege would also serve as a basis for distinguishing our decision in *United States v. Doe*, 455 F.2d 753, 756–757 (1st Cir.), *vacated and remanded on other grounds sub. nom. Gravel v. United States*, 408 U.S. 606, 92 S.Ct. 2614, 33 L.Ed.2d 583 (1972), if that case can be considered sound in the light of *National Super Spuds, Inc. v. New York Mercantile Exchange, supra*, p. 179, n. 7.

*Appeal dismissed.*