COMMONWEALTH *vs.* HOWARD A. WINER. May 2, 1980. A special grand jury issued a subpoena duces tecum to the "Keeper of Records Oak Management Corporation [doing business as] Savoy Convalescent Home" to produce certain records of the nursing home including certain accountant's work papers. The defendant was also subpoenaed to appear before

the grand jury. He appeared individually and as the keeper of the records on June 12, 1979, and produced all documents except the accountant's work papers claiming his Fifth Amendment privilege against self-incrimination. On July 12, 1979, a judge of the Superior Court ordered the defendant to produce the accountant's work papers. After the defendant again failed to produce the work papers, the Commonwealth filed a petition to hold the defendant in contempt. A hearing was held on the contempt petition before a judge of the Superior Court on September 13, 1979. On September 19, 1979, the judge found the defendant in contempt for failing to comply with the July 12, 1979, order. The judge ordered the defendant jailed until such time as he complied. The defendant filed various appeals and secured several stays, but was unable to secure a stay of the contempt order pending this appeal. On October 25, 1979, the defendant produced the work papers before the special grand jury, thereby purging the contempt. Shortly thereafter the special grand jury returned four larceny indictments and three perjury indictments against the defendant.

The defendant appealed from the July 12, 1979, order to produce and the September 19, 1979, contempt order. We transferred the appeal here on our own motion. We conclude that the orders are not appealable. In order to obtain review of an order directing the production of evidence before a grand jury, the party subpoenaed must move to quash, and, if unsuccessful, refuse to comply and suffer a conviction for contempt. See *United States* v. *Ryan*, 402 U.S. 530 (1971); *Cobbledick* v. *United States*, 309 U.S. 323 (1940); *Meadowbrook Hosp., Inc.* v. *United States*, 528 F.2d 983 (5th Cir. 1976). Cf. *In re Oberkoetter*, 612 F.2d 15 (1st Cir. 1980), and *Borman* v. *Borman* 378 Mass. 775, 781-784 (1979). Additionally, where there has been such an adjudication of civil contempt, if the party complies with the order to produce, thereby purging the contempt, the matter becomes moot. It is only where "the witness chooses to disobey and is committed for contempt" that "the witness' situation becomes so severed from the main proceeding as to permit an appeal." *Cobbledick supra* at 328. In order to safeguard against obstruction of the orderly process of a grand jury investigation, we allow exceptions to this rule "[o]nly in the limited class of cases where denial of immediate review would render impossible any review whatsoever of an individual's claims." *Ryan, supra* at 533. The defendant, of course, could still object to the introduction of the subpoenaed work papers or its fruits against him at his trial on the pending indictments. See *id.* at 532 n.3.

*Appeal dismissed.*


*Joseph J. Balliro* (*Kenneth M. Goldberg* with him) for the defendant.
*Ellen L. Janos,* Assistant Attorney General (*Steven Rusconi,* Assistant Attorney General, with her) for the Commonwealth.