**In re Grand Jury Proceedings, Subpoena to Ray M. VARGAS.**

**SANGRE DE CRISTO COMMUNITY MENTAL HEALTH SERVICE, INC., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**Ray M. VARGAS, Petitioner,**

v.

**Santiago CAMPOS, United States District Judge, Respondent.**

**Nos. 83–1691, 83–1836.**

United States Court of Appeals, Tenth Circuit.

Dec. 22, 1983.

---

James L. Brandenburg and Leo Romero, Albuquerque, N.M., for appellant and petitioner.

William L. Lutz, U.S. Atty., Albuquerque, N.M., for appellee and respondent.

Before McWILLIAMS, McKAY and SEYMOUR, Circuit Judges.

McKAY, Circuit Judge.

This case concerns a Petition for Writ of Mandamus and/or Prohibition by an attorney and an appeal by his client, a community health center, from an order of the district court pursuant to a subpoena duces tecum that the attorney turn over to a federal grand jury his client files for the community health center and another corporation.

In March 1983, the attorney was subpoenaed by a federal grand jury to produce his billings to the community health center and another nonprofit corporation. The attorney complied with that request. Subsequently, on March 29, 1983, a second subpoena duces tecum was served on the attorney commanding him to produce on April 19 his client files for the community health center and the nonprofit corporation reflecting the services provided by the attorney since August 1, 1983. The basis of that subpoena was the government's allegation that the attorney, the community health center and the nonprofit corporation were involved in a common scheme to use public grant monies for their private gain.

On April 18, one day before the attorney was to appear, he filed a motion to quash the subpoena, asserting attorney-client and work-product privileges. On April 28, the community health center moved to intervene and join the motion to quash. The motion to quash was denied by Judge Burciaga. He instructed the attorney to appear before the grand jury on June 1 with his records. If at that time the attorney still claimed a privilege the clerk of the court would seal the records and the judge would review them in camera. The community health center did not attempt to appeal Judge Burciaga's order.

On June 1 the attorney appeared before the grand jury with no records and refused to answer anything other than his name. He also asserted a fifth amendment privilege regarding the records. On that afternoon a hearing was held before Judge Campos, who had replaced Judge Burciaga as the supervising judge for the grand jury. The community health center attorney was

excluded from that hearing and its continuation on June 6 because grand jury matters and testimony were to be discussed.

Judge Campos again reviewed the attorney's claims of attorney-client privilege, work-product privilege and fifth amendment privilege. Finding that those privileges were not applicable under the facts before him, Judge Campos ordered the attorney to produce the records on June 7 before the grand jury and informed the attorney that if he failed to do so he would be held in contempt.

On June 7 the community health center filed an appeal from Judge Campos' order and obtained a stay of that order from this court. That stay went into effect before the attorney was required to produce the records. Thus, he was never held to be in contempt. Subsequently the attorney filed a Petition for Writ of Mandamus and/or Prohibition directing that the order be vacated pending final disposition of the community health center's appeal.

Before addressing the arguments raised concerning the attorney-client, work-product and fifth amendment privileges, we must first determine whether either the community health center or the attorney is properly before this court. We will first address that inquiry with regard to the community health center's appeal.

## I.

■ Ordinarily only a party who has been aggrieved by an order or judgment of a district court may appeal that decision. *Deposit Guaranty National Bank v. Roper,* 445 U.S. 326, 333, 100 S.Ct. 1166, 1171, 63 L.Ed.2d 427 (1980). There is some question as to whether the community health center is such a party. Although it filed a motion to intervene and join in the attorney's motion to quash, record, vol. 1, at 17, there is no indication in the record that the motion was ever ruled upon. Despite the absence of any indication that the motion was granted, the community health center participated in the hearing on May 2, 1983, before Judge Burciaga dealing with the initial motion to quash and was initially

present at the hearing before Judge Campos and was asked to leave only because grand jury testimony was going to be discussed. Record, vol. 3, at 4 and 8. Consequently, we consider it to be a party to the proceedings before both Judge Burciaga and Judge Campos and entitled to appeal from any appealable decision or order.

■ An order to appear before a grand jury pursuant to a subpoena duces tecum, however, is ordinarily an interlocutory order and not appealable, at least not by the witness. *United States v. Ryan,* 402 U.S. 530, 532–33, 91 S.Ct. 1580, 1581–82, 29 L.Ed.2d 85 (1971). Recognizing that rule, the community health center and the attorney argue that the exception to the general rule, established in *Perlman v. United States,* 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 (1918), is applicable in the case at bar.

The parties have not cited and we have not found any decisions where this circuit has applied the *Perlman* exception to the final judgment rule. Accordingly, a discussion of that exception and its scope is appropriate.

*Perlman* was a witness in a patent infringement case. At trial he offered into evidence documents and exhibits which belonged to him relating to his invention which was the subject of the suit. Pursuant to granting the plaintiff's motion to dismiss without prejudice, the trial court ordered that the exhibits be impounded and sealed, and kept in the custody of the clerk of the court. Subsequently the clerk of the court was ordered to turn the exhibits over to a grand jury and to provide the United States Attorney reasonable access to the exhibits. Perlman, claiming fourth and fifth amendment privileges, petitioned to restrain the clerk from releasing the exhibits. The petition was denied and Perlman appealed. The government moved to dismiss the appeal because the order was interlocutory. The Supreme Court held that Perlman would be "powerless to avert the mischief of the order" if he were not allowed to appeal the order. 247 U.S. at 13, 38 S.Ct. at 419.[1]

---

1. The Supreme Court, however, ruled against     Perlman on the merits.

Subsequent Supreme Court cases have not defined the scope of the exception established in *Perlman.* In fact, the rationale for the exception has changed with time.[2] The most recent pronouncements of the Supreme Court, however, have noted that *Perlman* falls "within the 'limited class of cases where denial of immediate review would render impossible any review whatsoever of an individual's claims.'" *United States v. Nixon,* 418 U.S. 683, 691, 94 S.Ct. 3090, 3099, 41 L.Ed.2d 1039 (1974) (quoting *United States v. Ryan,* 402 U.S. 530, 533, 91 S.Ct. 1580, 1582, 29 L.Ed.2d 85 (1971)).

Several circuits have read that language broadly and have concluded that

> when a subpoena is directed to a person who has custody of material as to which another person may claim a privilege of non-disclosure, the person who holds the privilege may seek immediate review of the disclosure order. The justification for permitting immediate appeal under these circumstances is that the privilege-holder has no power to compel the custodian of the material to risk a contempt citation for his refusal to comply with the court's order. Thus, denying the holder of the privilege the right to immediate review would leave him "powerless to avert the mischief of the order...."

*Branch v. Phillips Petroleum Co.,* 638 F.2d 873, 878 n. 3 (5th Cir.1981); *accord e.g., In re International Horizons, Inc.,* 689 F.2d 996, 1001 (11th Cir.1982); *In re Berkley and Co.,* 629 F.2d 548, 551 (8th Cir.1980).

Nevertheless, a minority of circuits have construed the exception more narrowly emphasizing the policies behind the final judgment rule and the nature of the relationship between the party subpoenaed and the party possessing the privilege. *In re Sealed Case,* 655 F.2d 1298 (D.C.Cir.1981) (attorney-client, not immediately appealable); *In re Oberkoetter,* 612 F.2d 15 (1st Cir.1980) (attorney-client, not immediately appealable); *National Super Spuds, Inc. v. New York Mercantile Exchange,* 591 F.2d 174 (2d Cir.1979) (employer-employee, not immediately appealable). We find these cases well

reasoned and more persuasive in light of the facts of the case at bar.

To understand the appropriateness of an exception to a general rule, it is necessary first to understand the rule itself.

> Finality as a condition of review is an historic characteristic of federal appellate procedure. It was written into the first Judiciary Act and has been departed from only when observance of it would practically defeat the right to any review at all.... To be effective judicial administration must not be leaden-footed. Its momentum would be arrested by permitting separate reviews of the component elements in a unified cause. These considerations of policy are especially compelling in the administration of criminal justice.

*Cobbledick v. United States,* 309 U.S. 323, 324–25, 60 S.Ct. 540, 541, 84 L.Ed. 783 (1940). Consequently, "one to whom a subpoena is directed may not appeal the denial of a motion to quash that subpoena but must either obey its command or refuse to do so and contest the validity of the subpoena if he is subsequently cited for contempt on account of his failure to obey." *United States v. Ryan,* 402 U.S. 530, 532, 91 S.Ct. 1580, 1581, 29 L.Ed.2d 85 (1971).

The policies that require a witness to risk a contempt citation before being able to appeal a motion to quash apply with equal force to a third party. Thus, the third party is entitled to immediate appeal only when "denial of immediate review would render impossible any review whatsoever of [the third party's] claims." *United States v. Nixon,* 418 U.S. at 691, 94 S.Ct. at 3099 (quoting *United States v. Ryan,* 402 U.S. at 533, 91 S.Ct. at 1582). We conclude that a third party whose attorney has been subpoenaed is not in a position such that denial of immediate review "renders impossible any review whatsoever," at least in the context of the case at bar.

Generally an attorney might be expected to defy a court order and risk contempt to preserve his client's interests and prove his

---

**2.** For a discussion of the history and application of the *Perlman* exception see *National Su-* per *Spuds, Inc. v. New York Mercantile Exchange,* 591 F.2d 174, 178–79 (2d Cir.1979).

reliability as an advocate. *In re Oberkoetter,* 612 F.2d 15, 18 (1st Cir.1980). Thus, the situation in the case at bar is very different from *Perlman* where there was no probability that the clerk of the court would risk a contempt citation for an unrelated third party.[3]

■ Furthermore, the facts in the case at bar indicate that the client will have its rights protected. While the attorney has claimed the attorney-client privilege which belongs to the client, he has also claimed the work-product privilege and the fifth amendment privilege against self incrimination, privileges which are personal to the attorney. Consequently, the attorney in the case at bar will be motivated to risk contempt and must risk contempt to protect his own privileges in addition to the reasons that would motivate him to risk contempt for his client.

In addition, to allow an appeal in a case such as this invites collusion between attorneys and their clients. It would be unwise to let attorneys avoid the rules of finality by allowing their clients to carry their banner and receive immediate review when the attorney alone would be unable to do so.

Accordingly, we hold that this case is not within that "limited class of cases where denial of immediate review would render impossible any review whatsoever." *See In re Sealed Case,* 655 F.2d 1298, 1301 (D.C.Cir. 1981). Thus, the appeal by the community health center is premature. Before it can appeal from Judge Campos' order, it must await a contempt citation against its attorney or be able to prove that the attorney will produce the records rather than risk contempt.

■ Our holding does not leave clients in general without remedy. If the trial judge has clearly abused his discretion

clients can seek a writ of mandamus without having to wait for a contempt citation. *National Super Spuds, Inc. v. New York Mercantile Exchange,* 591 F.2d 174, 181 (2d Cir.1979). Furthermore, because an attorney cannot waive the attorney-client privilege without the client's consent, *Republic Gear Co. v. Borg Warner Corp.,* 381 F.2d 551, 556 (2d Cir.1967), production of privileged documents by an attorney under court order does not necessarily constitute a waiver of the privilege.[4] *Transamerica Computer Co. v. International Business Machines Corp.,* 573 F.2d 646, 651 (9th Cir. 1978); *Teachers Insurance and Annuity Assoc. v. Shamrock Broadcasting Co.,* 521 F.Supp. 638, 641 (S.D.N.Y.1981); cf. *United States v. Fusaro,* 708 F.2d 17, 25 n. 3 (1st Cir.1983).

Accordingly, the community health center's appeal is dismissed. Conceivably its appeal could be construed as a petition for a writ of mandamus. The propriety of such a writ will be discussed in conjunction with the petition of the attorney which is also before this court.

### II.

■ Petitioner here does not challenge the well established rule that one cannot appeal the denial of a motion to quash a subpoena duces tecum but must be cited for contempt if he wishes to challenge the validity of the subpoena. *United States v. Ryan,* 402 U.S. 530, 532, 91 S.Ct. 1580, 1581 (1971). Therefore, the attorney seeks a writ of mandamus or prohibition to, in essence, review the propriety of the subpoena. A writ of mandamus is a drastic remedy "to be invoked only in extraordinary situations." *Allied Chemical Corp. v. Daiflon Inc.,* 449 U.S. 33, 34, 101 S.Ct. 188, 189, 66 L.Ed.2d 193 (1980). In particular, "[i]t is

---

**3.** *Perlman* can also be distinguished on the ground that in *Perlman* the privileges claimed were of constitutional dimension. Here we are dealing with the common law attorney-client privilege. *Oberkoetter,* 612 F.2d at 18.

**4.** This concept is reflected in proposed rule 512 of the Federal Rules of Evidence. Rule 512 provides: "Evidence of a statement or other disclosure of privileged matter is not admissible

against the holder of the privilege if the disclosure was (a) compelled erroneously or (b) made without opportunity to claim the privilege." Fed.R.Evid. 512 (not enacted). Although Congress did not enact rule 512, it still has utility as a standard of law on the privileges that should be applied in federal courts. J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 501[03] at 501–26 to 501–28 (1982) and cases cited therein.

clear mandamus may not be used as a substitute for appeal." *United States v. Martinez,* 667 F.2d 886, 891 (10th Cir.), *cert. denied,* 456 U.S. 1008, 102 S.Ct. 2301, 73 L.Ed.2d 1304 (1982). Consequently, the attorney "must show that no other adequate relief is available and that his right to the writ is clear and indisputable. The right to the writ is clear and indisputable when the petitioner can show a judicial usurpation of power or a clear abuse of discretion." *United States v. West,* 672 F.2d 796, 799 (10th Cir.1982) (citations omitted).

Neither the attorney nor the client have shown any action taken by the trial court that would amount to a judicial usurpation of power or a clear abuse of discretion with regard to any of the claimed privileges.

The petitioner claims that the trial court usurped its power by finding that the attorney-client privilege was not applicable. The privilege does not apply where the client consults an attorney to further a crime or fraud. *Clark v. United States,* 289 U.S. 1, 15, 53 S.Ct. 465, 469, 77 L.Ed. 993 (1933). Petitioner correctly argues that the government must do more than allege that an attorney is a target of a grand jury investigation to vitiate the privilege. Before the privilege is lost "there must be '*prima facie*' evidence that [the allegation of attorney participation in a crime or fraud] has some foundation in fact." *Id.* Petitioner, however, argues that certain procedures must be followed, including an opportunity for the attorney and client to rebut the prima facie evidence and to be present at any hearing which is intended to establish such a prima facie foundation. Record, vol. 1, at 22–24; Brief of Appellant at 16–17. Petitioner misconstrues the law in this circuit. As this court held in its opinion *In re September 1975 Grand Jury Term,* 532 F.2d 734 (10th Cir. 1976), "[t]he determination of whether the government shows a prima facie foundation in fact for the charge which results in the subpoena lies in the sound discretion of the trial court." *Id.* at 737. In particular, that

determination can be made ex-parte and a "preliminary minitrial" is not necessary. *Id.* at 737–38. Furthermore, the prima facie foundation may be made by documentary evidence or good faith statements by the prosecutor as to testimony already received by the grand jury. After reviewing the record it appears that the government may have presented sufficient prima facie evidence to the trial court, but inasmuch as the trial court did not expressly make such a determination we do not reach that issue. Nevertheless, it is clear that there was no abuse of discretion.[5]

Petitioner also alleges that the trial court abused its discretion in not ordering an in camera inspection of the records. However, once the trial judge has concluded that the privilege does not apply because the government has made such a prima facie showing, the trial court need only conduct an in camera inspection of the documents if there is a possibility that some of them may fall outside the scope of the exception to the privilege. After reviewing the scope of the subpoena issued and the nature of the allegations concerning the attorney's involvement, we believe that the scope of the exception to the attorney-client privilege in the case at bar would be sufficiently broad to cover all of the documents requested if the trial court determines that the government has made a prima facie showing as stated above.

The preceding analysis applies to both the attorney-client and work-product privileges. *Id.* at 738. Thus, we now turn to petitioner's final allegation of abuse of discretion, the trial court's rejection of his claim of fifth amendment privilege. After reviewing the record and petitioner's arguments, we find that petitioner has presented no grounds for invoking our mandamus jurisdiction with regard to the fifth amendment claim.

The attorney also claims in his petition that it is proper for a writ to issue to aid

---

**5.** Likewise the trial court did not abuse its discretion when it excluded counsel for the community health center from the hearings on June 1 and June 6 when grand jury matters

were being discussed. *See In re September 1975 Grand Jury Term,* 532 F.2d 734, 737 (10th Cir.1976).

the jurisdiction of this court because of the client's pending appeal in the same matter. Inasmuch as we have herein dismissed the client's appeal as premature we need not address that argument.

Writs of prohibition, like writs of mandamus, are not to be used as a substitute for appeal. *Erie Bank v. United States District Court for District of Colorado,* 362 F.2d 539, 540 (10th Cir.1966). Similarly a writ of prohibition is a drastic and extraordinary remedy which should be granted only when the petitioner has shown his right to the writ to be clear and undisputable and that the actions of the court were a clear abuse of discretion. *Texas Gulf Sulphur Co. v. Ritter,* 371 F.2d 145, 146–47 (10th Cir.1967). Petitioner has not met that burden.

Thus, the Petition for Writ of Mandamus and/or Prohibition is denied and the appeal by the community health center is dismissed.