IN THE MATTER OF A GRAND JURY SUBPOENA.

No. 90-P-1261.

Suffolk. November 13, 1990. - April 16, 1991.

Present: PERRETTA, KASS, & JACOBS, JJ.

Further appellate review granted, 410 Mass. 1102 (1991).

*Practice, Criminal*, Grand jury proceedings. *Grand Jury. Subpoena. Accountant. Witness*, Subpoena.

Interlocutory appellate review was not available to address the merits of the denial of motions by a corporation and its accountant to quash a grand jury subpoena served upon the accountant, inasmuch as an appeal from an adjudication of contempt as well as the protections afforded in the trial process would be available to protect the rights of the parties. [464-466]

MOTIONS filed in the Supreme Judicial Court for the county of Suffolk on April 25, 1990, and April 30, 1990, respectively.

On transfer to the Superior Court Department, the proceedings were heard by *Hiller B. Zobel*, J.

*Janis M. Berry* for the corporation.

*Andrew M. Zaikis*, Assistant Attorney General, for the Commonwealth.

*Ian Crawford* for the accountant.

JACOBS, J. As part of a grand jury investigation into possible criminal violations of tax laws by a foreign corporation (corporation),[1] the Attorney General of the Commonwealth served a subpoena upon the corporation's independent accounting firm (accountant) at its Massachusetts office. The subpoena required the accountant to bring to the grand jury all records in its possession or control relating to the financial transactions of the corporation, including tax returns from

---

[1]Given the secrecy of grand jury proceedings, we do not identify the parties.

1983 through 1989. The corporation and the accountant filed separate motions to quash the subpoena in the Supreme Judicial Court. A single justice of that court ordered the motions transferred to the Superior Court pursuant to the provisions of G. L. c. 211, § 4A. There, a judge denied the motions to quash but directed that the Commonwealth reimburse the accountant for expenses reasonably incurred in complying with the subpoena.[2] The corporation filed a notice of appeal in the Superior Court and a petition for interlocutory relief under G. L. c. 231, § 118. A single justice of the Appeals Court denied the petition "for the reason, if no other, that [the matter] is not ripe for review," citing *United States* v. *Ryan*, 402 U.S. 530, 532 (1971). The corporation then filed a motion for leave to file an interlocutory appeal from the denial of its motion to quash to a full panel of this court. That motion was allowed by the single justice in an order which warned that, "unless on review of the merits it [should be] determined that this case falls outside the usual manner for handling such matters, the petitioner is open to sanctions under G. L. c. 231, § 6F."[3] The Commonwealth thereafter filed a cross appeal from the Superior Court judge's order directing that it reimburse the accountant its expenses for producing evidence before the grand jury pursuant to the subpoena.[4]

---

[2]The latter was an oral order made in the course of a hearing. It is not reflected in the Superior Court docket although it became the subject of a motion for reconsideration which was dismissed by the Superior Court judge.

[3]The parties and the Superior Court generally treated the issues as arising in the context of a criminal matter. Certain types of interlocutory orders in criminal matters qualify for direct appellate review under either G. L. c. 278, § 28E, or Mass.R.Crim.P. 15, 378 Mass. 882 (1979), neither of which is here applicable. The single justice's action may have been premised on the conclusion that the corporation's reliance on *Perlman* v. *United States*, 247 U.S. 7 (1918), justified invoking his authority, pursuant to G. L. c. 231, § 118, first par., to permit plenary review of the denial of the motion to quash. See *Foreign Auto Import, Inc.* v. *Renault N.E., Inc.*, 367 Mass. 464, 470 (1975). In view of our decision, we need not address the propriety of the single justice's action.

[4]The accountant, which had filed a notice of appeal from the judge's denial of its motion to quash the grand jury subpoena, was made a party to

We reject the corporation's and the accountant's sugges-
tion that we address the merits of their motions to quash.
Trial court determinations of such motions fall into the cate-
gory of disclosure and discovery orders which generally are
held to be interlocutory and unappealable. See *Common-
wealth* v. *Winer*, 380 Mass. 934, 935 (1980); *Cronin* v.
*Strayer*, 392 Mass. 525, 527 (1984); *Luna* v. *Superior
Court*, 407 Mass. 747, 749 n.1, cert. denied, 111 S.Ct. 345
(1990); *Cobbledick* v. *United States*, 309 U.S. 323 (1940);
*United States* v. *Ryan*, *supra* at 532-533; *Borman* v. *Bor-
man*, 378 Mass. 775, 782 (1979).[5] The rationale for barring
the appellate door to such orders is "the necessity for expedi-
tion in the administration of the criminal law," *United States*
v. *Ryan*, *supra* at 533, and the undesirability of "swelling
appellate dockets already too large and delaying trial calen-
dars already too slow." *Cronin*, *supra* at 529, quoting from
*United States* v. *Fried*, 386 F.2d 691, 695 (2d Cir. 1967).
Sufficient security is afforded those who would resist subpoe-
nas by their rights to seek trial court protection and to ap-
peal from an adjudication of contempt for disobedience of
the challenged order. *Cronin*, *supra* at 529-530.

The accountant can put any earnest objections to a readily
reviewable test by the simple, albeit courageous, expedient of
disobedience. The corporation claims it has no such option.
Having no order to disobey, and faced with the accountant's
representation that it intends to obey the subpoena, it seeks
inclusion in that "limited class of cases where denial of im-
mediate review would render impossible any review whatso-
ever" of its objections to the subpoena. *United States* v.
*Ryan*, *supra* at 533. It relies on *Perlman* v. *United States*,

this appeal by this court's allowance of a motion to consolidate the
appeals.

[5]Implicit in the wording of the single justice's order allowing the corpo-
ration's motion for an interlocutory appeal is a recognition that a panel of
the Justices of this court might conclude that this case should not be
viewed as "fall[ing] outside the usual manner for handling such matters."
In any event, an appellate court is not obliged to deal with the merits of an
interlocutory matter which it has accepted for review. *Commonwealth* v.
*Winer*, 380 Mass. 934 (1980). *Cronin* v. *Strayer*, 392 Mass. 525 (1984).

247 U.S. 7 (1918), in which review was sought of an order of a Federal District Court judge directing the clerk of that court to produce certain exhibits before a grand jury contemplating a criminal indictment of Perlman. The exhibits had been offered in evidence by Perlman in an infringement suit in that same court. The Supreme Court, noting that the case was "rather unique," held that the order could be the subject of immediate review, stating that otherwise "Perlman was powerless to avert the mischief of the order." *Id.* at 13. We decline to make a *Perlman* type exception to the general rule in the present case. We find persuasive the restrictive views of *Perlman* taken in *National Super Spuds, Inc.* v. *New York Merc. Exch.*, 591 F.2d 174, 177-181 (2d Cir. 1979), and *In re Oberkoetter*, 612 F.2d 15, 18 (1st Cir. 1980).[6] They note that the clerk in *Perlman* had no relationship with the party seeking interlocutory appeal and was independent of him. That is not the case with a client and its accountant where we may expect to find mutuality of interest and a degree of interdependence, control, and loyalty. The relationship provides ample incentive for the accountant to risk contempt to avoid complying with process reasonably perceived by it or by the client as overreaching. See *United States* v. *Arthur Andersen & Co.*, 623 F.2d 720, 724 (1st Cir. 1980).[7]

Our decision does not leave one in the corporation's position entirely dependent upon the resolve of the party under subpoena. Claims of privilege and irrelevancy generally can be raised and addressed in the trial court, with full rights of

---

[6]For a discussion of cases taking a less restrictive view of *Perlman* and the rationale for so doing, see 15 Wright, Miller & Cooper, Federal Practice and Procedure § 3914, at 571-576 (1976 & Supp. 1990).

[7]The corporation invites us to construe art. 12 of the Declaration of the Rights of the Massachusetts Constitution to include a client's privilege to prevent its accountant from being compelled to disclose potentially incriminating information about the client. We note this invitation only to express our declination and the observation that the Supreme Court has refused so to extend the Fifth Amendment to the Federal Constitution. *Couch* v. *United States*, 409 U.S. 322, 335 (1973). *United States* v. *Arthur Young & Co.*, 465 U.S. 805, 817 (1984). We also think that any meritorious claim of privilege would likely increase an accountant's incentive to resist disclosure and risk a contempt adjudication.

appeal preserved, in the event the grand jury proceedings ripen into a prosecution. *Commonwealth* v. *Winer*, 380 Mass. at 935. Moreover, extraordinary relief under G. L. c. 211, § 3, may be available in exceptional circumstances and upon demonstration of irremediable error involving a substantial claim of violation of an important substantive right. *Costarelli* v. *Commonwealth*, 374 Mass. 677, 679 (1978).[8]

The order to pay expenses is interlocutory. To the extent it is construed by the accountant as making reimbursement a precondition to compliance with the subpoena, a construction which is debatable on this record, the Commonwealth can test its validity by refusing to make advance payments and instituting a contempt proceeding in the event the subpoena is not obeyed. We, therefore, need not accord the order plenary review at this time.[9] In view of the novel aspects of the *Perlman* argument here advanced by the corporation, we conclude that its appeal is not so wholly insubstantial as to warrant the imposition of sanctions under G. L. c. 231, § 6F.

*Appeals dismissed.*

---

[8] It is noteworthy that a single justice of the Supreme Judicial Court denied a petition for extraordinary relief filed after the denial of the motions to quash in the Superior Court stating that "this is not an appropriate occasion for relief under G. L. c. 211, § 3."

[9] The corporation challenges various orders of the Superior Court judge other than the denial of the motion to quash. Those orders involve the enforcement of subpoenas served by it and the prosecution's use of certain unsigned affidavits. These matters clearly are interlocutory and reviewable in the ordinary course of the ongoing proceedings. Full appellate review at this time would be premature. Also, we note that the corporation's contention that G. L. c. 233, §§ 13A-13D, is applicable to the case is incorrect given that the subpoena was served upon the accountant within the Commonwealth.