A.F.M., Limited[1] *vs.* City of Medford & another.[2] January 14, 1999. *Injunction. Zoning,* Special permit. *Constitutional Law,* Freedom of speech and press.

The defendants appeal from an order entered in the Superior Court preliminarily enjoining them from "[a]sserting, enforcing or relying on any provision of G. L. c. 181, §§ 4, 9, or Medford Zoning Ordinances Chapter 29, §§ 5.3, 16A, to prevent, restrict or restrain [the plaintiff], from opening and operating a store of the type described in the special permit application plaintiff filed on October 16, 1996, or from selling non-obscene materials at that store." We transferred the case to this court on our own motion and now affirm the grant of the preliminary injunction.

1. The facts noted by the judge who ordered the entry of the preliminary injunction may be summarized as follows. In September, 1983, the city of Medford (city) amended c. 29 of its revised ordinances to impose zoning restrictions confining adult bookstores and motion picture theaters (adult businesses) to the city's C-2 district. The amendment further required adult businesses to obtain a special permit before opening and created locational restrictions within the C-2 district with which the businesses are required to comply.

Additional limitations on the location of adult businesses were included in amendments to c. 29 enacted in September, 1994. Those amendments added "adult video stores" to the restrictions imposed on other adult businesses, and revised the location restrictions to prohibit the location of any adult business within 750 feet of the nearest lot line of (1) each other, (2) public or private nursery schools, (3) public or private day care centers, (4) public or private kindergartens, (5) public or private elementary schools, (6) public or private secondary schools, (7) playgrounds, (8) churches, or (9) residential properties or residentially zoned property.

The plaintiff applied to the city for a special permit to operate a retail establishment for the sale of clothing, adult books, and adult videotapes at 423 Mystic Avenue in the city's C-2 district. At a hearing, the plaintiff presented evidence of its compliance with the special permit requirements except that its proposed business was to be located within 750 feet of a residential district. The plaintiff requested the city nonetheless issue the permit. The city council denied the application for a special permit.

2. The standard for deciding whether the judge properly granted the preliminary injunction is that set forth in *Packaging Indus. Group, Inc.* v. *Cheney,* 380 Mass. 609, 615-617 (1980). We apply the same factors which the judge considered in deciding whether the standard has been satisfied, *id.* at 615-616, and we keep in mind as well that "[t]he issuance of a preliminary injunction generally rests within the sound discretion of the judge, *Foreign Auto Import, Inc.* v. *Renault Northeast, Inc.,* 367 Mass. 464, 472-473 (1975)." *Id.* at 615.

---

[1]The plaintiff, a Rhode Island corporation, does business under the name Airborne For Men.

[2]City council of Medford.

The plaintiff argues that the restrictions and requirements imposed by the city constitute constitutionally improper content-based limitations on its speech which are not tailored to address a substantial governmental interest. The defendants argue that the restrictions and regulations are constitutionally permissible because they are content neutral and are designed to combat the adverse secondary effects of the plaintiff's speech. We need not decide between the parties' contending positions on these issues because, even if we assume that the restrictions and regulations are constitutionally proper in the respects argued by the defendants as noted above, the preliminary injunction was properly entered because the city failed to show that the plaintiff had been left with reasonable alternative means of communication.

It was uncontroverted (as noted by the judge) that "the City's zoning scheme confines adult businesses to 0.11% of the City's total developable land, one small city block now completely occupied by a bank, an outdoor storage area and a car wash." The judge determined that "confining 'adult businesses' to that tiny area of the City effectively forecloses operation of any such businesses within the City limits."[3] As the judge correctly recognized, the city was obligated, as a practical matter, to ensure that its regulatory scheme did not unreasonably foreclose avenues for communication of the material the plaintiff intended to sell. See *Renton* v. *Playtime Theatres, Inc.*, 475 U.S. 41, 54 (1986) ("the First Amendment requires [the city to] refrain from effectively denying [the plaintiffs] a reasonable opportunity to open and operate [an adult business] within the city"). See generally *CLR Corp.* v. *Henline*, *supra* at 639 (where court found locational restrictions of zoning ordinance unconstitutional because "the impact of the . . . ordinance is to permit two to four restricted uses in a half-mile strip of the city"); *Walnut Props., Inc.* v. *Whittier*, 861 F.2d 1102, 1108-1109 (9th Cir. 1988), cert. denied, 490 U.S. 1006 (1989) (restriction of adult entertainment businesses to three areas of city insufficient); *Alexander* v. *Minneapolis*, 698 F.2d 936, 938-939 (8th Cir. 1983) (ordinance unconstitutional where only twelve sites potentially available for adult entertainment uses). The city did not present any information explaining why it was reasonable to restrict adult businesses to such a minuscule portion of the developable land in the city. Because the judge's conclusions are supportable on the record on this point, we shall not disturb his determination that the restrictions deny the plaintiff reasonable alternative avenues of communication.[4] We also do not need to express an opinion on the other grounds mentioned by the judge for questioning the validity of the ordinance.

---

[3]The judge noted that the city failed to counter the plaintiff's assertions regarding the limited space available for adult businesses within the city, and instead merely stated that "it cannot agree with those assertions and affidavits unless and until it does further investigation." The judge correctly concluded that it is the city, not the plaintiff, that is required to show that the ordinance is valid, and "[t]hat burden is not carried, even preliminarily, simply by voicing doubt about the facts [the plaintiff] has presented."

[4]The judge also made reference to the lack of information on whether any property in the area where the plaintiff could locate was for sale or lease. This consideration is not relevant to a determination whether a restriction of this type is constitutional, if the restriction otherwise provides a plaintiff with a reasonable area in which to open its business. See *Renton* v. *Playtime Theatres, Inc.*, 475 U.S. 41, 53-54 (1986). We do not consider this reference by the judge as invalidating the conclusion stated in the text that the regulatory scheme cannot be supported because, as a practical matter, it provides the plaintiff with no area in which to operate.

3. The grant of the preliminary injunction is affirmed.

*So ordered.*

*Anthony M. Santoro* (*Robert Blumsack* with him) for the defendants.

*Roger W. Wilcox, Jr.*, of New York (*David R. Kerrigan* with him) for the plaintiff.